1 DAVID A. WOOD, #272406
dwood@marshackhays.com
2 MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
3 AARON E. DE LEEST, #216832
adeleest@marshackhays.com
4 SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
5 MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
6 Telephone: 949-333-7777
Facsimile: 949-333-7778
7
Proposed Attorneys for
8 PAPPAS PIPING SERVICE, INC.

9

10                    UNITED STATES BANKRUPTCY COURT

11          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

12

13 | In re                              | Case No. 8:26-bk-10033-MH
   |
14 | PAPPAS PIPING SERVICE, INC.,       | Chapter 11
   |
15 |        Debtor.                     | NOTICE OF HEARING ON DEBTOR'S
   |                                    | FIRST DAY MOTIONS RE:
16 |                                    |
   |                                    | 1.) DEBTOR'S MOTION FOR ORDER
17 |                                    | AUTHORIZING USE OF CASH
   |                                    | COLLATERAL TO CONFIRM THAT ITS
18 |                                    | SECURED CREDITOR IS ADEQUATELY
   |                                    | PROTECTED;
19 |                                    | 2.) DEBTOR'S MOTION FOR ORDER
   |                                    | (A) PROHIBITING UTILITY PROVIDERS
20 |                                    | FROM ALTERING, REFUSING OR
   |                                    | DISCONTINUING SERVICE,
21 |                                    | (B) DEEMING UTILITIES
   |                                    | ADEQUATELY ASSURED OF FUTURE
22 |                                    | PERFORMANCE, AND
   |                                    | (C) ESTABLISHING PROCEDURES FOR
23 |                                    | RESOLVING REQUESTS FOR
   |                                    | ADDITIONAL ADEQUATE ASSURANCE
24 |                                    | OF PAYMENT
   |                                    | 3.) DEBTOR'S MOTION FOR ORDER
25 |                                    | APPROVING MAINTENANCE OF PRE-
   |                                    | PETITION BANK ACCOUNTS AND
26 |                                    | CONTINUED USE OF CASH
   |                                    | MANAGEMENT PROCEDURES
27 |                                    | PURSUANT TO 11 U.S.C. §§ 105, 345,
   |                                    | AND 363; and
28 |                                    | 4.) DEBTOR'S MOTION FOR ORDER
   |                                    | AUTHORIZING PAYMENT OF

                                       1
NOTICE OF HEARING RE: DEBTOR'S FIRST DAY MOTIONS

PREPETITION WAGES

Hearing:
Date: January 9, 2026
Time: 10:00 a.m.
Ctrm: 6C
Place: 411 West Fourth Street
         Santa Ana, CA 92701

TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

PARTIES:

PLEASE TAKE NOTICE THAT on January 9, 2026, at 10:00 a.m., in Courtroom 6C, of the

United States Bankruptcy Court located at 411 W. Fourth Street, Santa Ana, CA 92701, before the

Honorable Mark D. Houle, in the above-captioned case, a hearing will be held on Debtor and

Debtor-in-Possession, Papas Piping Service, Inc., ("Pappas" or "Debtor") First Day Motions (as

defined below) for: **(1)** Debtor's Motion for Order Authorizing Use Of Cash Collateral To Confirm

That Its Secured Creditor Is Adequately Protected ("Cash Collateral Motion"); **(2)** Debtor's Motion

For Order Approving Maintenance Of Prepetition Bank Accounts And Continued Use Of Cash

Management Procedures Pursuant To 11 U.S.C. §§ 105, 345, And 363 ("Cash Management

Motion"); **(3)** Debtor's Motion For Order Authorizing Payment Of Prepetition Wages ("Wage

Motion"); and **(4)** Debtor's Motion For Order (A) Prohibiting Utility Providers From Altering,

Refusing Or Discontinuing Service, (B) Deeming Utilities Adequately Assured Of Future

Performance, And (C) Establishing Procedures For Resolving Requests For Additional Adequate

Assurance Of Payment ("Utility Motion"); ("collectively Utility Motion, Cash Collateral Motion,

Wage Motion, and Cash Management Motion are referred to as "First Day Motions"), filed on

January 6, 2026, as Dk. Nos. 2-5, respectively.

On January 7, 2026, as Dk. No. 6, the Court entered an order setting hearings on the First

Day Motions ("Order"). A copy of the Order is attached here as Exhibit "1". Additionally, a copy of

the First Day Motions are being served concurrently with this Notice.

/ / /

NOTICE OF HEARING RE: DEBTOR'S FIRST DAY MOTIONS

**1.      Cash Collateral Motion**

Debtor requires the use of cash collateral in order to continue operating and pay its ongoing expenses, including payroll, rent, utilities, and supplies. As set forth in the Budget (as defined below), Debtor will be able to make the monthly adequate protection payments to the Debtor's senior secured lender, Live Oak (as defined below), and will be able to continue to operate. Thus, Debtor asks for an order permitting it to use cash collateral in order to operate in the ordinary course of its business, including making the payments contemplated in the Budget.[1]

**2.      The Cash Management Motion**

Typically, a chapter 11 debtor is required to close its pre-petition bank accounts at the commencement a case and open a "Debtor in Possession" account ("DIP Account"). However, courts routinely waive this requirement when, as here, the debtor's existing accounts are part of an integrated cash management system. Here, the Debtor is a full-service design build piping company that specializes in commercial process and other specialized piping that is used in critical infrastructure for commercial clients. The Debtor is routinely hired by general contractors to design, build, and install the piping needed to complete projects. In turn, the Debtor often utilizes subcontractors to ensure that it complies with its various contractual obligations.

A significant portion of the payments that Debtor anticipates receiving throughout this case will be made electronically, with funds being automatically transferred into Debtor's existing bank account. Given the number of ongoing jobs the Debtor has underway, and the need to ensure the timely arrival of all payments, forcing the Debtor to close the account it uses to receive payments places the bankruptcy estate at risk unnecessarily. The Debtor seeks to maintain its current account so that it can continue receiving payments. In turn, the Debtor will transfer all funds received in its current account to its new DIP Operating Account on a weekly basis.

Additionally, the Debtor seeks to continue using its current payroll company to ensure that its employees and applicable taxes are paid timely. Finally, The Debtor regularly uses the services of

---

[1] The Budget includes a line item for post-petition bankruptcy professional fees that will be segregated in a separate DIP account by the Debtor pending approval of interim fee requests.

NOTICE OF HEARING RE: DEBTOR'S FIRST DAY MOTIONS

subcontractors to fulfill its obligations under its various contracts. Many, if not most, of the Debtor's subcontractors take steps to perfect a mechanic's lien before or shortly after commencing work on a project. As such, the general contractors employing the Debtor require that the Debtor deliver lien releases signed by the Debtor and the subcontractor before making payments under the parties' contract.

Approximately 80% of the general contractors that employ the Debtor issue two-party checks when a subcontractor with lien rights is involved. To obtain the two-party check, both the Debtor and the subcontractor provide the general contractor with a partial lien release. Then, the general contractor issues a check payable jointly to the Debtor and the subcontractor. Typically, after the subcontractor signs the two-party check, the check is deposited into the Debtor's Operating Account.

Simultaneously, the Debtor issues a check to the subcontractor to ensure that the subcontractor receives the payment ear-marked for it. The Debtor seeks authority to continue making payments to subcontractors with lien rights in exchange for lien releases to ensure that projects get completed

## 3. Wage Motion

To continue operations, the Debtor needs the ability to pay its approximately 33 employees for work done prior to the Petition Date (defined below). The Debtor also needs to continue providing payment for work done, as well as benefits, to its employees.

The Bankruptcy Code allows wage-based claims up to a certain cap, such as those that the Debtor seeks to pay, to enjoy priority payment status. All of the payments that the Debtor proposes are within the statutory limits such that the underlying claims are entitled to priority status. Payment of the Debtor's pre-petition payroll obligations will allow the Debtor to retain its employees and maintain regular operations. Further, unless the Debtor is authorized to make these payments, there is a significant likelihood that some or all of the Debtor's employees will stop working, which will negatively impact the Debtor's chances of successfully navigating this Chapter 11 case.

## 4. Utility Motion

To continue to do business, the Debtor must have access to utilities such as electricity,

NOTICE OF HEARING RE: DEBTOR'S FIRST DAY MOTIONS

1  internet, trash, and telephone. In this Motion, the Debtor seeks to ensure its access to such utilities so

2  that it can continue providing services during this case. The Debtor requests that the Court enter an

3  order providing for the following relief:

4    1.  Prohibiting the Utility Providers[2] from altering, refusing, or discontinuing service to

5        the Debtor or requiring additional adequate assurance of payment as condition to

6        providing utility services;

7    2.  Deeming the Utility Providers to be adequately assured of future payment by the

8        Debtor pursuant to 11 U.S.C. § 366; and

9    3.  Establishing procedures for resolving a request by any Utility Provider for additional

10       assurance of payment.

11       The procedures detailed in this Motion provide a mechanism to deal with such demands

12       in an orderly and efficient manner, involving the Court only if necessary, while

13       protecting the legitimate interests of the Utility Providers.

14       The Court has set the Emergency Motions for hearing on January 9, 2026, at 10:00 a.m. The

15  Emergency Motions are based upon this notice, the pleadings and documents on file with the Court.

16       PLEASE TAKE FURTHER NOTICE that any opposition and/or replies to the Emergency

17  Motions may be presented orally at the hearing. Failure to timely respond to the Motion may be

18  deemed acceptance of the Motion. *See*, Local Bankruptcy Rules.

19

20  Dated: January 7, 2026                    MARSHACK HAYS WOOD LLP

21

22                                            By:  */s/ David A. Wood*
                                                  DAVID A. WOOD,
                                                  MATTHEW W. GRIMSHAW
23                                                AARON E. DE LEEST
                                                  SARAH R. HASSELBERGER
24                                                Proposed Attorneys for
                                                  Pappas Piping Service Inc.
25

26  _____

27  [2] A list of the Debtor's current utility services and corresponding utility providers ("Utility
    Providers") is attached to the Martinez Decl. as **Exhibit "1,"** which is attached to the Utility
28  Motion.

NOTICE OF HEARING RE: DEBTOR'S FIRST DAY MOTIONS

**EXHIBIT 1**

**FILED & ENTERED**

JAN 07 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

In re:

PAPPAS PIPING SERVICE, INC.

Debtor.

Case No: 8:26-bk-10033-MH

Chapter: 11

**ORDER SETTING HEARINGS ON FIRST DAY MOTIONS**

Hearings Set:

Date: January 9, 2026
Time: 10:00 a.m.
Place: 411 W. Fourth St.
Santa Ana, CA 92701
Courtroom: 6C

- 1

Case 8:26-bk-10033-MH    Doc 6    Filed 01/07/26    Entered 01/07/26 11:10:07    Desc
Main Document    Page 2 of 3

On January 6, 2026, Pappas Piping Service, Inc. ("Debtor") filed a Chapter 11 voluntary petition, and requested first-day hearings on the following:

(1) *Debtor's Motion for Order Authorizing Use of Cash Collateral to Confirm That Its Secured Creditor Is Adequately Protected* [Dkt. No. 2];

(2) *Debtor's Motion for Order Approving Maintenance of Pre-Petition Bank Accounts and Continued Use of Cash Management Procedures* [Dkt. No. 3];

(3) *Debtor's Motion for Order Authorizing Payment of Prepetition Wages* [Dkt. No. 4];

(4) *Debtor's Motion for Order (A) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [Dkt. No. 5].

(collectively, the "Motions").

Pursuant to Local Rule 9075-1(a)(3), the Court hereby orders the following:

(1) The Motions are set for hearing on January 9, 2026, at 10:00 a.m. in Courtroom 6C of the above-captioned court;

(2) Debtor is to give to telephonic notice of the hearing to: (a) the Office of the United States Trustee; (b) all secured creditors; (c) twenty largest unsecured creditors; (d) affected depository institutions; (e) affected utility providers; (f) any other directly affected party, and (g) counsel to the foregoing, if known, no later than 5:00 p.m. on January 7, 2026;

(3) The Motions and an accompanying notice of hearings are to be served by overnight mail on: (a) the Office of the United States Trustee; (b) all secured creditors; (c) twenty largest unsecured creditors; (d) affected depository institutions; (e) affected utility providers; (f) any other directly

EXHIBIT 1, PAGE 7

affected party, and (g) counsel to the foregoing, if known, no later than 5:00 p.m. on January 7,

2026;

(4) Proof of compliance with (2) and (3) is due by 12:00 p.m. on January 8, 2026;

(5) Opposition to the Motions, if any, may be made orally at the hearings.


IT IS SO ORDERED.


### *###*


Date: January 7, 2026

Mark Houle
United States Bankruptcy Judge

- 3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **NOTICE OF HEARING ON DEBTOR'S FIRST DAY MOTIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 7, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **US TRUSTEE: United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR: David Wood**     dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On __, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 7, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed. I delivered the document described above via email to Stretto, Debtor's claims and noticing agent, for service on the interested parties at the last known addresses in this bankruptcy case by via overnight delivery and addressed per the mail matrix of the Debtor. Upon completion of the service by Stretto to interested parties, Stretto will file a Certificate of Service listing the addresses served.

**VIA PERSONAL DELIVERY**
**PRESIDING JUDGE'S COPY**
HONORABLE MARK D. HOULE
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 6135 / COURTROOM 6C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| January 7, 2026 | Layla Buchanan | */s/ Layla Buchanan* |
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY OVERNIGHT MAIL:** CONTINUED:

**UST**
OFFICE OF THE UNITED STATES
TRUSTEE
411 W. FOURTH STREET
SUITE 7160
SANTA ANA, CA 92701-4500

**DEBTOR**
PAPPAS PIPING SERVICE, INC.
23832 ROCKFIELD BLVD.
SUITE 245
LAKE FOREST, CA 92630-2884

**INTERESTED PARTY**
ANNE BUTLER
730 MORA DR.
LOS ALTOS, CA 94024-6616

**PRIORITY CREDITOR**
WILLIAM D. BUTLER
730 MORA DR.
LOS ALTOS, CA 94024-6616

**SECURED CREDITOR**
BLUE VINE CAPITAL
30 MONTGOMERY ST.
SUITE 1400
JERSEY CITY, NJ 07302-3857

**U240026990432**
**SECURED CREDITOR**
CT CORPORATION SYSTEMS
3300 N. BRAND BLVD, STE 700
ATTN: SPRS
GLENDALE, CA 91203

**U240026990432**
**SPECIAL NOTICE**
CT CORPORATION SYSTEMS C/
O WOLTERS KLUWER LIEN
SOLUTIONS
PO BOX 29071
GLENDALE, CA 91209

**SECURED CREDITOR**
FERGUSON ENTERPRISES, INC., #686
P.O. BOX 740827
LOS ANGELES, CA 90074-0827

**U107236837087**
**SPECIAL NOTICE**
GREAT AMERICAN LEASING CORP
C/O CT CORPORATION SYSTEMS
3300 N. BRAND BLVD, STE 700
GLENDALE, CA 91203

**U087149114661**
**SECURED CREDITOR**
GREAT AMERICAN LEASING
CORP
625 1ST ST, SE
CEDAR RAPIDS, IA 524012030

**U107236837087**
**SECURED CREDITOR**
GREAT AMERICAN LEASING CORP
625 1ST ST, SE
CEDAR RAPIDS, IA 524012030

**SECURED CREDITOR**
LIVE OAK BANKING COMPANY
C/O THE COLLIE FIRM, PLLC
3957 GASPAR DRIVE
DALLAS, TX 75220

**SECURED CREDITOR**
LIVE OAK BANKING COMPANY
1741 TIBURON DR.
WILMINGTON, NC 28403-6244

**SECURED CREDITOR**
PACE SUPPLY CORP.
P.O. BOX 744915
LOS ANGELES, CA 90074-4915

**SPECIAL NOTICE**
PIRS/AMA RECOVERY
C/O PIRS CAPITAL LLC
1688 MERIDIAN AVE., STE. 700
MIAMI BEACH, FL 33139-2713

**SECURED CREDITOR**
PIRS/AMA RECOVERY
3131 EASTSIDE ST., #435
HOUSTON, TX 77098-1947

**SPECIAL NOTICE**
PIRS/AMA RECOVERY
AMA RECOVERY GROUP, LLC
3131 EASTSIDE ST., #435
HOUSTON, TX 77098-1947

**SECURED CREDITOR**
SUNSTATE EQUIPMENT RENTALS
P.O. BOX 208439
DALLAS, TX 75320-8439

**TOP 20 UNSECURED CREDITOR**
ALAMEDO CO. RECORDER'S
OFFICE
1106 MADISON ST.
OAKLAND, CA 94607-4901

**TOP 20 UNSECURED CREDITOR**
AMERICAN EXPRESS
200 VESEY STREET
NEW YORK, NY 10285-0002

**UTILITY CREDITOR / TOP 20
UNSECURED CREDITOR**
AT&T
208 S. AKARD STREET
DALLAS, TX 75202-4206

**INTERESTED PARTY**
BBSI (BARRET BUSINESS
SERVICES, INC.)
2560 N FIRST ST, #180
SAN JOSE, CA 95131

**TOP 20 UNSECURED CREDITOR**
BUSINESS TELEPHONE EXCHANGE
929 BERRYESSA RD., #10
SAN JOSE, CA 95133-1084

**TOP 20 UNSECURED CREDITOR**
CAPITAL ONE
1680 CAPITAL ONE DR.
MC LEAN, VA 22102-3407

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TOP 20 UNSECURED CREDITOR**
CINTAS
6800 CINTAS BLVD.
MASON, OH 45040-9151

**TOP 20 UNSECURED CREDITOR**
CITY & COUNTY OF SAN FRANCISCO
P.O. BOX 7425
SAN FRANCISCO, CA 94120-7425

**TOP 20 UNSECURED CREDITOR**
EARL'S PEST CONTROL
1040 COMMERCIAL AVE., STE 101
SAN JOSE, CA 95112-1418

**TOP 20 UNSECURED CREDITOR**
GRAINGER
2261 RINGWOOD AVE.
SAN JOSE, CA 95131-1792

**TOP 20 UNSECURED CREDITOR**
GUILLERMO SILVA
1610 MAIDEN CANE WAY
LOS BANOS, CA 93635-8546

**TOP 20 UNSECURED CREDITOR**
HDS WHITE CAP CONST. SUPPLY
P.O. BOX 4944
ORLANDO, FL 32802-4944

**TOP 20 UNSECURED CREDITOR**
HILTI, INC.
P.O. BOX 70299
PHILADELPHIA, PA 19176-0299

**TOP 20 UNSECURED CREDITOR**
HITACHI GLOBAL AIR POWER US LLC
4659 LAS POSITAS RD.
SUITE A
LIVERMORE, CA 94551-9663

**TOP 20 UNSECURED CREDITOR**
PIRTEK SFO
1997 BURROUGHS AVE.
SAN LEANDRO, CA 94577-5609

**TOP 20 UNSECURED CREDITOR**
PURETEC INDUSTRIAL WATER
3151 STURGIS ROAD
OXNARD, CA 93030-8931

**TOP 20 UNSECURED CREDITOR**
SHEPPARD MULLIN RICHTER &
HAMPTON
P.O. BOX 840728
LOS ANGELES, CA 90084-0728

**TOP 20 UNSECURED CREDITOR**
STEVE HARMSEN
26 N. STATE STREET
SALT LAKE CITY, UT 84103-2059

**TOP 20 UNSECURED CREDITOR**
WEST AMERICA FINANCE
26 NORTH STATE STREET
SALT LAKE CITY, UT 84103-2059

**UTILITY CREDITOR**
PG&E
300 LAKESIDE DR.
OAKLAND, CA 94612-3655

**UTILITY CREDITOR**
REPUBLIC SERVICES
18500 N. ALLIED WAY
PHOENIX, AZ 85054-3101

**UTILITY CREDITOR**
SPECTRUM VOIP
7600 WINDROSE AVE
STE. 350
PLANO, TX 75024-0169

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.