1  DAVID A. WOOD, #272406
   dwood@marshackhays.com
2  MATTHEW W. GRIMSHAW, #210424
   mgrimshaw@marshackhays.com
3  AARON E. DE LEEST, #216832
   adeleest@marshackhays.com
4  SARAH R. HASSELBERGER, #340640
   shasselberger@marshackhays.com
5  MARSHACK HAYS WOOD LLP
   870 Roosevelt, Irvine, CA 92620
6  Telephone: 949-333-7777
   Facsimile: 949-333-7778
7
   Proposed Attorneys for
8  PAPPAS PIPING SERVICE, INC.

**FILED & ENTERED**

JAN 12 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PAPPAS PIPING SERVICE, INC.,<br><br>    Debtor. | Case No. 8:26-bk-10033-MH<br><br>Chapter 11<br><br>INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL<br><br>Hearing:<br>Date: January 9, 2026<br>Time: 11:00 a.m.<br>Ctrm: 6C<br>Place: 411 West Fourth Street<br>       Santa Ana, CA 92701 |

On January 9, 2026, at 11:00 a.m., a hearing was held before the Honorable Mark D. Houle, United States Bankruptcy Judge, on the Debtor's Motion for Order Authorizing Use of Cash Collateral to Confirm the Secured Creditor is Adequately Protected ("Motion") filed by the Debtor, Papas Piping Service, Inc., ("Debtor") on January 6, 2026, as Dk. No. 2. All appearances were as noted on the record.

1

1      Having determined that service of the Motion was proper under the circumstances, and after considering the Motion and all papers in support thereof, the presentation of counsel, and for good cause shown,

     **IT IS ORDERED** that:

1. The Motion is granted on an interim basis.

2. The Debtor is authorized to immediately use cash collateral on an interim basis in accordance with the budget attached as Exhibit 6 to the Motion (the "Budget") pending a final hearing on the Motion.

3. Live Oak Banking Company ("Live Oak") is adequately protected based on the cash payments proposed by the Debtor in the Budget. In addition, to the extent that Debtor's use of its pre-petition accounts receivable results in a decrease in the value of the Live Oaks's interest in the pre-petition accounts receivable, Live Oak shall be granted a replacement lien with the same extent, validity, and priority consistent with its prepetition lien and security interest on the Debtor's post-petition accounts receivable.

4. To the extent it is entitled to adequate protection, Pirs Capital LLC is adequately protected by the cash payments proposed by the Debtor in the Budget.

5. The hearing on the Motion is continued for a final hearing on February 3, 2026, at 2:30 p.m.

6. The Debtor shall give notice of the final hearing on the Motion no later than January 13, 2026.

7. The deadline for the Debtor to file any supplemental brief in support of the Motion is January 13, 2026.

8. The deadline for parties to file a response or opposition to the Motion is January 21, 2026.

9. The deadline for parties to file a reply is January 28, 2026.

//

//

//

2

10. The stay provided by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

###

Date: January 12, 2026

Mark Houle
United States Bankruptcy Judge

3