MILLER NASH LLP
Bernie Kornberg
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone:    562.435.8002
Facsimile:    562.435.7967

Attorneys for Creditor
Live Oak Banking Company

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re: | Case No. 8:26-bk-10033-MH |
|---|---|
| PAPPAS PIPING SERVICE, INC., | Chapter 11 |
| Debtors. | **LIMITED OBJECTION TO MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL** |
| | Date: February 3, 2026<br>Time: 2:30 p.m. |

    Live Oak Banking Company ("Live Oak"), the secured creditor in this matter, hereby provides the following limited objection to debtor Pappas Piping Service, Inc.'s ("Debtor") Motion for Order Authorizing Use of Cash Collateral.

    First, Live Oak objects to entry of a final order approving cash collateral based on the papers presented by Debtor. Here, there can be no doubt that Debtor seeks to use Live Oak's cash collateral, as Live Oak has, by the Debtor's admission, a security interest in Debtor's accounts. See, e.g., Debtor's Ex. 3. Debtor has proposed no other source of financing except its current business operations. Butler Dec. ¶ 24. Cash collateral includes the proceeds, products, offspring, rents or profits of property subject to a security interest. *In re Zeeway Corp.*, 71 B.R. 210, 211 (B.A.P. 9th

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

LIMITED OBJECTION TO MOTION FOR
ORDER AUTHORIZSING USE OF CASH
COLLATERAL

Cir. 1987). Thus the proceeds of Debtor's sales constitute cash collateral. *See In re Premier Golf Props., LP,* 477 B.R. 767, 776 (B.A.P. 9th Cir. 2012).

Debtor's motion states that "Debtor seeks to use cash collateral to pay the expenses set forth in the Budget attached to this Motion." Motion p.7:9-10. However, as Debtor states, the budget only extends to April 5, 2026. Further, it only calls for two payments to Live Oak – a payment of $49,489.72 on February 8, 2026 and a payment of $44,010.28 on March 8, 2026. This is inconsistent with representation of Debtor in the Motion that "[a]s can be seen in the Budget, Debtor proposes to pay Live Oak its fully monthly payment as adequate protection payments post-petition." Motion p.6:14-15. As the Debtor has only provided a 13 week budget, the Court should only authorize the use of cash collateral up until April 5, 2026, and set a continued hearing where a final budget for the case may be approved.

Second, as to adequate protection, Live Oak requests that any further order granting cash collateral provide clear language as to the nature of the replacement lien, as follows:

> Live Oak Banking Company ("Live Oak") will have and is hereby granted by Debtor, as adequate protection, post-petition security interests and replacement liens pursuant to sections 361 and 363(e) of the Bankruptcy Code ("Post-Petition Lien") in all of the Debtor's assets, including accounts receivable and inventory, and in the Debtor's DIP accounts, acquired after the Petition Date to the extent of any cash collateral used, with such liens being of the same extent, priority, and validity of Live Oak's pre-petition Security Interests. Each Post-Petition Lien will be granted priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code.

Dated: January 21, 2026                              MILLER NASH LLP


                                                     By:/s/ *Bernie Kornberg*
                                                         Bernie Kornberg

                                                         Attorneys for Creditor
                                                         Live Oak Banking Company

4938-3140-9802.1