DAVID A. WOOD, #272406
dwood@marshackhays.com
MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Proposed Attorneys for
PAPPAS PIPING SERVICE, INC.

**FILED & ENTERED**

**FEB 03 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY jle         DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PAPPAS PIPING SERVICE, INC.,<br><br>Debtor. | Case No. 8:26-bk-10033-MH<br><br>Chapter 11<br><br>FINAL ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL<br><br>Hearing:<br>Date: February 3, 2026<br>Time: 2:30 p.m.<br>Ctrm: 6C<br>Place: 411 West Fourth Street<br>          Santa Ana, CA 92701 |

On February 3, 2026, at 2:30 p.m., a hearing was held before the Honorable Mark D. Houle, United States Bankruptcy Judge, on the Debtor's Motion for Order Authorizing Use of Cash Collateral to Confirm the Secured Creditor is Adequately Protected ("Motion") filed by the Debtor, Papas Piping Service, Inc., ("Debtor") on January 6, 2026, as Dk. No. 2. All appearances were as noted on the record.

/ / /

1

Having determined that service of the Motion was proper under the circumstances, and after considering the Motion and all papers in support thereof, the presentation of counsel, and for good cause shown,

**IT IS ORDERED** that:

1. The Motion is granted on a final basis through April 5, 2026, as provided in the Budget (as defined below).

2. The Debtor is authorized to immediately use cash collateral on a final basis in accordance with the budget attached as Exhibit 6 to the Motion (the "Budget").

3. Live Oak Banking Company ("Live Oak") will have and is hereby granted by Debtor, as adequate protection, post-petition security interests and replacement liens pursuant to sections 361 and 363(e) of the Bankruptcy Code ("Post-Petition Lien") in all of the Debtor's assets, including accounts receivable and inventory, and in the Debtor's DIP accounts, acquired after the Petition Date to the extent of any cash collateral used, with such liens being of the same extent, priority, and validity of Live Oak's pre-petition Security Interests. Each Post-Petition Lien will be granted priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code. However, nothing contained herein in Paragraph 3 prevents the Debtor's professionals from seeking approval and payment of their administrative fees, and Live Oak reserves all rights to object to the same.

4. To the extent it is entitled to adequate protection, Pirs Capital LLC is adequately protected by the cash payments proposed by the Debtor in the Budget.

5. The stay provided by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

Date: February 3, 2026

Mark Houle
United States Bankruptcy Judge

2