DAVID A. WOOD, #272406
dwood@marshackhays.com
MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Attorneys for Debtor and Debtor-in-Possession,
PAPPAS PIPING SERVICE, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-10033-MH |
| PAPPAS PIPING SERVICE, INC., | Chapter 11 |
| Debtor. | DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHAPTER 11 PLAN OF REORGANIZATION; DECLARATION OF JOSHUA R. TEEPLE; REQUEST FOR JUDICIAL NOTICE |
| | [NO HEARING REQUIRED] |

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF
A CHAPTER 11 PLAN OF REORGANIZATION

TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Debtor and Debtor-in-Possession, Pappas Piping Service, Inc. ("Debtor"), respectfully submits this Motion to Extend Exclusivity Period for Debtor to Solicit and Obtain Acceptances of a Chapter 11 Plan of Reorganization ("Motion"). In support of the Motion, the Debtor respectfully represents as follows:

## 1.      Summary of Argument

Under 11 U.S.C. §§ 1121(b) and (c), a chapter 11 debtor has a 120-day exclusivity period to file its plan and a 180-day exclusivity period for the debtor to obtain acceptance of its plan. However, under 11 U.S.C. § 1121(d) these deadlines may be extended for "cause" up to a maximum of 18 months and 20 months, respectively.

Here, the original exclusivity period to propose a plan of reorganization ("Plan") and to solicit acceptances will expire on May 6, 2026, and July 6, 2026, respectively. While the Bankruptcy Code does not define "cause," there is cause to extend the exclusivity period for approximately 120 days. The Debtor has acted diligently and in good faith since the Petition Date (defined below). In a relatively short period, the Debtor has stabilized its operations and preserved the going-concern value of its business. The Debtor has also engaged in negotiations with its creditors and has made progress towards the preparation of the Plan.

Despite this progress, the Debtor requires additional time to continue its negotiations and finalize the terms of the Plan. The requested extension will not prejudice creditors. To the contrary, it will benefit all parties by allowing the Debtor to continue its efforts to propose a confirmable plan with creditor support. The Debtor is not seeking an extension to delay this case, but rather to streamline its reorganization process, reducing costs for all parties involved and preserving judicial resources.

As such, the Debtor seeks an extension of the exclusivity periods for approximately 120 days, specifically: (1) extending the period in which the Debtor has the exclusive right to file a Plan

1

from May 6, 2026, through and including September 3, 2026; and (2) extending the period in which the Debtor has the exclusive right to solicit acceptances to such Plan from July 6, 2026, through and including November 3, 2026; and (3) providing that such order is without prejudice to the Debtor's right to seek further extension of such exclusivity periods in accordance with the requirements of 11 U.S.C. § 1121. Thus, the Debtor respectfully requests that the Court grant the Motion.

## 2.    Relevant Factual Background

### A.    Debtor's Operations and Financial Difficulties

The Debtor is a full-service design build piping company that specializes in commercial process and other specialized piping that is used in critical infrastructure for commercial clients. *See* Declaration of Joshua R. Teeple ("Teeple Decl."), ¶7. In 2022, William Butler purchased the Debtor, but faced various financial difficulties that arose after Mr. Butler's acquisition. *Id*.

First, shortly after the acquisition, the Debtor lost nearly 40% of its revenue due to a loss of a large $3 million contract. *See* Teeple Decl., ¶8. Second, the Debtor's traditional customers (general contractors and their clients) were reticent in moving forward with some projects due to the high-interest-rate environment and general macroeconomic uncertainty associated with the election cycle. *Id.*, ¶9. This created a temporary lag in new project awarding and initiation. *Id*. Third, the overall piping and general contractor industry is relatively close-knit and based on relationships. *Id*., ¶10. The transition from the decade's long ownership of the prior owners, Mike Pappas and Guillermo Silva Jr. to Mr. Butler, in a post-covid world, was difficult, and included multiple growing pains. *Id.*

As the three factors were intensifying, the Debtor borrowed funds to make payroll and purchase materials, some from Mr. Butler and his family, and some in the form of high-interest rate business loans from "MCA" style lenders. *See* Teeple Decl., ¶11. Additionally, Mr. Butler and his wife have filed their own personal bankruptcy case, *In re William Dokos Butler and Anne Harmsen Butler*, Bankruptcy Case No. 5:25-bk-51814, pending in the United States Bankruptcy Court, Northern District of California. *See* Request for Judicial Notice ("RJN"), ¶1.

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHATPER 11 OF REORGANIZATION

In light of the ongoing operational issues, Mr. Butler's personal bankruptcy case, and the complexities and relationship dynamics of the case, the Debtor decided to retain Joshua R. Teeple as a fiduciary and the Debtor's chief restructuring officer and financial advisor. *See* Teeple Decl., ¶12.

## B.    The Bankruptcy Filing

In order to protect its business, continue paying its employees, and continue servicing its customers, the Debtor commenced this Chapter 11 bankruptcy case on January 6, 2026 ("Petition Date"). *See* RJN, ¶2.

On February 3, 2026, the Court entered the Scheduling Order setting the following deadlines:

(1)    The claims bar date is April 10, 2026;

(2)    The deadline to file the Plan and Disclosure Statement is May 11, 2026; and

(3)    The deadline to obtain approval of the Plan, including, but not limited to balloting, is October 13, 2026.

*See* RJN, ¶3.

Additionally, the Debtor is actively negotiating a stipulation with its secured creditor, Live Oak Banking Company ("Live Oak") regarding an extension of the deadline to file and obtain approval of the Plan and Disclosure Statement. *See* Teeple Decl., ¶13.

There have been no prior extensions of the exclusivity deadlines. *See* Teeple Decl., ¶14.

## 3.    Legal Argument

### A.    Cause exists to extend the exclusivity periods.

Section 1121(b) and (c) provide that debtors have a 120 day exclusivity period to file a Chapter 11 plan and a 180 day exclusivity period for the debtor to obtain acceptance of its plan, if debtors file a plan within the 120 day exclusivity period:

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest . . . may file a plan if and only if—

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after

3

the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121(b) and (c).

Section 1121(d) provides that the 120 day and 180 day exclusivity periods may be extended for "cause" up to maximum of eighteen (18) months, and twenty (20) months, respectively, after the date of the order for relief:

(d)

(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120- day period or the 180-day period referred to in this section.

(2)

(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

The Bankruptcy Code does not define "cause" as used in Section 1121(d).  The decision regarding whether to grant a request to extend the exclusivity periods lies within the sound discretion of the bankruptcy judge. *In re Gibson & Cushman*, 101 B.R. 405, 409 (E.D.N.Y. 1989).  The party seeking such an extension must establish that there is cause for the court to do so based upon the facts and circumstances of that particular case. *In re New Meatco Provisions, LLC*, 2014 Bankr. LEXIS 914, at *7 (Bankr. C.D. Cal. 2014); *see also In re Dow Corning Corp.*, 208 B.R. 661, 663 (Bankr. E.D. Mich. 1997) ("[T]he party seeking to terminate or modify a debtor's exclusivity period bears the burden of proof since it is the moving party who seeks to change the status quo"); *In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) ("Since the debtor seeks the extension, the burden is on it to demonstrate the existence of good cause"), *aff'd* 155 B.R. 93 (D.N.J. 1993).

The "cause" standard in Section 1121 has been referred to as a general standard that allows the bankruptcy court "maximum flexibility to suit various types of reorganization proceedings." *In*

4

*re Public Service Company of New Hampshire*, 88 B.R. 534 (Bankr. D.N.H. 1988).  The accepted standard to extend the exclusivity periods, supported by the legislative history of Section 1121, requires merely that the debtor make a "showing of some promise of success for reorganization."  *Id*. (quoting S.Rep. No. 95-989, 95th Cong.2d Sess. 118 (1978)).  The legislative history of Section 1121 indicates that the very notion of the exclusivity periods is to favor and promote a debtor's efforts to reorganize.  *See* Legislative History 140 Cong. Rec. H 10764, October 4, 1994 ("Exclusivity is intended to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated").

To determine whether there is cause to extend exclusivity, courts typically apply a number of non-exclusive factors, the so-called *Dow Corning* factors, which are:

1. The size and complexity of the case;
2. The necessity of sufficient time to permit the debtor to negotiate a plan and prepare adequate information;
3. The existence of good faith progress toward reorganization;
4. Thefact that the debtor is paying its bills as they become due;
5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;
6. Whether the debtor has made progress in negotiations with its creditors;
7. The amount of time which has elapsed in the case; whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and
8. Whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. at 663; *see also Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002) (adopting *Dow Corning* factor test).

Additionally, courts have recognized that the diligence of management and the proper administration of the case are factors supporting an extension of the exclusivity periods.  *See In re United Press Int'l*, 60 B.R. 265 (Bankr. D.D.C. 1986).  Courts have found that cause exists to extend the plan exclusivity periods where there is no evidence that an extension is being sought for the purpose of pressuring creditors into acceding to a debtor's reorganization demands.  *See In re Pine Run Trust, Inc.*, 67 B.R. 432 (Bankr. E.D.Pa. 1986).

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHATPER 11 OF REORGANIZATION

Here, there is cause to grant Debtor's request for an extension of the exclusivity periods for the filing of a plan and the solicitation of acceptances to such plan.

The first factor, the size and complexity of the case, weighs in favor of granting the Motion This case involves numerous creditors, and the Debtor is actively working on preparing a plan of reorganization to make a meaningful distribution to creditors. *See* Teeple Decl., ¶15.

The second factor, the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and provide adequate information, weighs in favor of granting the Motion. This is the Debtor's first request for an extension and less than 120 days have elapsed since the Debtor filed its voluntary petition. *See* Teeple Decl., ¶14. The requested relief would extend the exclusivity period to September 3, 2026, and November 3, 2026, respectively, approximately 8 and 10 months from the Petition Date. *Id*. The requested extension is less than half of the limit on exclusivity provided by the Bankruptcy Code. *See* 11 U.S.C. §§ 1121(d)(2)(A) and 1121(d)(2)(B) (setting forth 18 and 20-month maximums).

The third factor, the existence of good faith progress towards reorganization, weighs in favor of granting the Motion. The Debtor has made good faith progress in moving toward reorganization, particularly in light of the early stage of the case. *See* Teeple Decl., ¶15. As of the date of this Motion, a little more than three months have passed since the commencement of the bankruptcy case. The docket reflects that the case was initially active with first-day motions, including: (i) the Debtor's Motion for Order Authorizing Use of Cash Collateral to Confirm that Its Secured Creditor is Adequately Protected; (ii) the Debtor's Motion for Order Approving Maintenance of Pre-Petition Bank Accounts and Continued Use of Cash Management Procedures Pursuant to 11 U.S.C. §§ 105, 345, and 363; (iii) the Debtor's Motion for Order Authorizing Payment of Prepetition Wages; and (iv) the Debtor's Motion for Order (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment. *See* Dk. Nos. 2-5.

6

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF
A CHATPER 11 OF REORGANIZATION

Additionally, the Debtor has filed its schedules and monthly operating reports and appeared at its 341(a) meeting of creditors, which was held and concluded on February 4, 2026. *See* Dk. Nos. 40, 57, 79, 86, and 97. The Debtor has sought and obtained orders employing its professionals including its general bankruptcy counsel, Marshack Hays Wood LLP, its chief restructuring officer and financial advisor, Joshua R. Teeple and Grobstein Teeple LLP, its claims, noticing, and solicitation agent, Stretto, Inc. *See* Dk. Nos. 46, 49, 61, 71, 76, and 78.

In addition to this activity, the Debtor has made significant progress towards reorganization. *See* Teeple Decl., ¶15. The Debtor has acted diligently and in good faith since the Petition Date. *Id*. In a relatively short period, the Debtor has stabilized its operations and preserved the going-concern value of its business. *Id*. The Debtor has also engaged in negotiations with its creditors and has made progress towards the preparation of the Plan. *Id*., ¶16. There is and will be no evidence that the Debtor is attempting to hold creditors "hostage." *Id*. The Debtor simply requires additional time to finalize its Plan and projections. *Id*. The Debtor is also hopeful that its efforts to negotiate and formulate the Plan will result in a consensual plan and the Debtor will continue to negotiate with creditors in the hopes of reaching an accord. *Id*.

The fourth factor, whether the debtor is paying its bills as they come due, weighs in favor of granting the Motion. As reflected in the Debtor's monthly operating reports, the Debtor is consistently paying its post-petition bills as they come due. *See* Teeple Decl., ¶17; *see also* Dk. Nos. 79, 86, 97.

The fifth factor, whether the debtor has demonstrated reasonable prospects for filing a viable plan, weighs in favor of granting the Motion. The Debtor has been using its time since the Petition Date to formulate a plan that will provide a meaningful distribution to creditors. *See* Teeple Decl., ¶15. Based on the Debtor's preliminary projections, it appears that there are reasonable prospects for filing a viable plan in this case. *Id*., ¶18.

The sixth factor, whether the debtor has made progress in negotiations with creditors, weighs in favor of granting the Motion. The Debtor has negotiated with a number of its creditors with respect to their claims and will continue to negotiate with creditors in the hopes of reaching an

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHATPER 11 OF REORGANIZATION

accord with respect to its plan. *See* Teeple Decl., ¶16.

The seventh factor, the amount of time that has elapsed in the case, weighs in favor of granting the Motion. As set forth above, less than four months have passed since the filing of these cases and the request of 120 days is a modest extension under the circumstances. The Debtor simply requires more time to finalize its plan and projections in order to propose what it believes will be a plan that provides a meaningful distribution to creditors. *See* Teeple Decl., ¶16.

The eighth factor, whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands, weighs in favor of granting the Motion. This is not the sort of case where the Debtor seeks to extend the exclusivity periods in order to maintain leverage over a group of creditors whose interests are being harmed by the pendency of the Chapter 11 case. *See* Teeple Decl., ¶16. No party will suffer any "prejudice" if an extension is granted. *Id*., ¶19. To the contrary, it will benefit all parties by allowing the Debtor to continue its efforts to propose a confirmable plan with creditor support. *Id*. The Debtor is not seeking an extension to delay this case, but rather to streamline its reorganization process, reducing costs for all parties involved and preserving judicial resources. *Id*.

The ninth factor, whether an unresolved contingency exists, weighs in favor of granting the Motion. There are several unresolved contingencies that will need to be addressed by the Debtor, including the Debtor's negotiations with Live Oak regarding the treatment of its secured claim. *See* Teeple Decl., ¶20. This dispute will need to be addressed and resolved prior to any distribution under the proposed plan. *Id*.

Finally, pursuant to the plain language of 11 U.S.C. § 1121(d)(1), the request contained in this instant Motion must be "made" within the relevant exclusivity period. Here, the exclusivity period expires on May 6, 2026. As this instant Motion was filed before May 6, 2026, the Court can rule on the matter and find "cause" to extend the exclusivity period. *See* 11 U.S.C. § 1121(d)(1); *see e.g., In re Cramer, Inc.*, 105 B.R. 433, 434 (Bankr. W.D. Tenn. 1989) (holding that debtor could not extend exclusivity period once the deadline expired). For these reasons, the Debtor is entitled to

8

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF
A CHATPER 11 OF REORGANIZATION

extension of the exclusivity periods with respect to the filing and solicitation of acceptances of a chapter 11 plan.

## 4.    Conclusion

As set forth above, "cause" exists to extend the Debtor's exclusivity periods because the Debtor has worked diligently and in good faith throughout this case to move through the Chapter 11 process as expeditiously as possible. The Debtor therefore requests that the Court enter an order extending these deadlines for approximately 120 days.

Thus, the Debtor respectfully requests that the Court enter an order:

(1)    granting the Motion;

(2)    extending the period in which the Debtor has the exclusive right to file a Chapter 11 Plan from May 6, 2026, through and including September 3, 2026;

(3)    extending the period in which the Debtor has the exclusive right to solicit acceptances to such Plan from July 6, 2026, through and including November 3, 2026,

(4)    providing that such order is without prejudice to the Debtor's right to seek further extensions of such exclusivity periods in accordance with 11 U.S.C. § 1121; and

(5)    granting such further relief as the Court deems just and proper.

Dated: May 5, 2026                              MARSHACK HAYS WOOD LLP


By:  /s/ David A. Wood
     DAVID A. WOOD,
     MATTHEW W. GRIMSHAW
     AARON E. DE LEEST
     SARAH R. HASSELBERGER
     Attorneys for Debtor and Debtor-in-Possession,
     Pappas Piping Service Inc.

9

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHATPER 11 OF REORGANIZATION

# **Declaration of Joshua Teeple**

I, JOSHUA TEEPLE, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am the Chief Restructuring Officer for the debtor, Pappas Piping Service, Inc. ("Debtor"). I am also one of the founding partners of Grobstein Teeple LLP, an accounting and financial consulting firm.

5.      I make this Declaration in support Debtor's Motion to Extend Exclusivity Period for Debtor to Solicit and Obtain Acceptances of a Chapter 11 Plan of Reorganization ("Motion").

6.      All terms not defined herein are used as they are defined in the Motion.

7.      It is my understanding that the Debtor is a full-service design build piping company that specializes in commercial process and other specialized piping that is used in critical infrastructure for commercial clients. I am informed that, in 2022, William Butler purchased the Debtor, but faced various financial difficulties that arose after Mr. Butler's acquisition.

8.      First, I am informed that, shortly after the acquisition, the Debtor lost nearly 40% of its revenue due to a loss of a large $3 million contract.

9.       Second, I am informed that the Debtor's traditional customers (general contractors and their clients) were reticent in moving forward with some projects due to the high-interest-rate environment and general macroeconomic uncertainty associated with the election cycle. This created a temporary lag in new project awarding and initiation.

10.     Third, I am informed that the overall piping and general contractor industry is relatively close-knit and based on relationships, and that the transition from the decade's long ownership of the prior owners, Mike Pappas and Guillermo Silva Jr. to Mr. Butler, in a post-covid world, was difficult, and included multiple growing pains.

11.     As these three factors were intensifying, I am informed that the Debtor borrowed

10

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHATPER 11 OF REORGANIZATION

funds to make payroll and purchase materials, some from Mr. Butler and his family, and some in the form of high-interest rate business loans from "MCA" style lenders.

12. In light of the ongoing operational issues, Mr. Butler's personal bankruptcy case, and the complexities and relationship dynamics of the case, the Debtor decided to retain me and my firm, Grobstein Teeple LLP, as a fiduciary and the Debtor'chief restructuring officer and financial advisor.

13. The Debtor is actively negotiating a stipulation with its secured creditor, Live Oak Banking Company ("Live Oak") regarding an extension of the deadline to file and obtain approval of the Plan and Disclosure Statement.

14. There have been no prior extensions of the exclusivity deadlines in this case. This is the Debtor's first request for an extension and less than 120 days have elapsed since the Debtor filed its voluntary petition. The requested relief would extend the exclusivity period to September 3, 2026, and November 3, 2026, respectively, approximately 8 and 10 months from the Petition Date.

15. This case involves numerous creditors and, since the Petition Date, the Debtor has been actively working on preparing a plan of reorganization to make a meaningful distribution to creditors. The Debtor has made significant and good faith progress in moving toward reorganization, particularly in light of the early stage of the case. The Debtor has acted diligently and in good faith since the Petition Date. In a relatively short period, the Debtor has stabilized its operations and preserved the going-concern value of its business.

16. The Debtor has also engaged in negotiations with its creditors and has made progress towards the preparation of the Plan. The Debtor will continue its negotiations in the hopes of reaching an accord with respect to its plan. There is and will be no evidence that the Debtor is attempting to hold creditors "hostage." This is not the sort of case where the Debtor seeks to extend the exclusivity periods in order to maintain leverage over a group of creditors whose interests are being harmed by the pendency of the Chapter 11 case. The Debtor simply requires additional time to finalize its Plan and projections. The Debtor is also hopeful that its efforts to negotiate and formulate

11

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHATPER 11 OF REORGANIZATION

the Plan will result in a consensual plan and the Debtor will continue to negotiate with creditors in the hopes of reaching an accord.

17.     As reflected in the Debtor's monthly operating reports, the Debtor is consistently paying its post-petition bills as they come due.

18.     Based on the Debtor's preliminary projections, it appears that there are reasonable prospects for filing a viable plan in this case.

19.     No party will suffer "prejudice" if an extension is granted. To the contrary, it will benefit all parties by allowing the Debtor to continue its efforts to propose a confirmable plan with creditor support. The Debtor is not seeking an extension to delay this case, but rather to streamline its reorganization process, reducing costs for all parties involved and preserving judicial resources.

20.     There are several unresolved contingencies that will need to be addressed by the Debtor, including the Debtor's negotiations with Live Oak regarding the treatment of its secured claim. This dispute will need to be addressed and resolved prior to any distribution under the proposed plan.

21.     Based on the foregoing, I believe there is sufficient cause to grant the Motion and extend the exclusivity deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2026.

JOSHUA TEEPLE

12

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHATPER 11 OF REORGANIZATION

**Request for Judicial Notice**

Debtor and Debtor-in-Possession, Pappas Piping Service, Inc. ("Debtor"), hereby requests pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of the following facts:

1.      William Butler and his wife have filed their own personal bankruptcy case, *In re William Dokos Butler and Anne Harmsen Butler*, Bankruptcy Case No. 5:25-bk-51814, pending in the United States Bankruptcy Court, Northern District of California.

2.      In order to protect its business, continue paying its employees, and continue servicing its customers, the Debtor commenced this Chapter 11 bankruptcy case on January 6, 2026.

3.      On February 3, 2026, the Court entered the Scheduling Order setting the following deadlines:

(1) The claims bar date is April 10, 2026;

(2) The deadline to file the Plan and Disclosure Statement is May 11, 2026; and

(3) The deadline to obtain approval of the Plan, including, but not limited to

   balloting, is October 13, 2026.

Dated: May 1, 2026                              MARSHACK HAYS WOOD LLP


                                        By: */s/ David A. Wood*
                                            DAVID A. WOOD
                                            MATTHEW W. GRIMSHAW
                                            AARON E. DE LEEST
                                            SARAH R. HASSELBERGER
                                            Attorneys for Debtor and Debtor-in-Possession,
                                            PAPPAS PIPING SERVICE, INC.

13

MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF
A CHATPER 11 OF REORGANIZATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO SOLICIT AND OBTAIN ACCEPTANCES OF A CHAPTER 11 PLAN OF REORGANIZATION; DECLARATION OF JOSHUA R. TEEPLE; REQUEST FOR JUDICIAL NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 5, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **ATTORNEY FOR DEBTOR:** Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR: LIVE OAK BANKING COMPANY:** Bernard J Kornberg bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **US TRUSTEE: United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR: David Wood**    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **May 5, 2026**, I delivered the document described above via
email to Stretto, Debtor's claims and noticing agent, for service on all interested parties at the last known addresses in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. Upon completion of the service by Stretto to Debtor, Stretto will file a Certificate of Service listing the address served.

**DEBTOR**
PAPPAS PIPING SERVICE, INC.
23832 ROCKFIELD BLVD., SUITE 245
LAKE FOREST, CA 92630-2884

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 5, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
**PRESIDING JUDGE'S COPY**
HONORABLE MARK D. HOULE
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 6135 / COURTROOM 6C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 5, 2026 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**