DAVID A. WOOD, #272406
dwood@marshackhays.com
MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Attorneys for Debtor and Debtor-in-Possession,
PAPPAS PIPING SERVICE, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>PAPPAS PIPING SERVICE, INC.<br><br>Debtor, | Case No. 8:26-bk-10033-MH<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CONFIRMATION OF DEBTOR-IN-POSSESSION'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION; DECLARATIONS OF WILLIAM BUTLER AND JOSHUA TEEPLE IN SUPPORT; REQUEST FOR JUDICIAL NOTICE**<br><br><u>Plan Confirmation</u>:<br>Date: October 27, 2026<br>Time: 1:30 p.m.<br>Ctrm: 6C<br>Address: 411 West Fourth Street<br>Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

1. SUMMARY OF ARGUMENT ..... 1
2. RELEVANT FACTUAL BACKGROUND ..... 1
   a. The Bankruptcy Filing and Schedules ..... 1
   b. The Plan and Disclosure Statement ..... 2
   c. The Claims Bar Date ..... 3
3. BALLOT ANALYSIS ..... 5
4. LEGAL ARGUMENT ..... 5
   A. The Plan complies with 11 U.S.C. § 1129(a)(1). ..... 5
      i. The Plan complies with 11 U.S.C. § 1122 because it places similar claims within each class. ..... 5
      ii. The Plan complies with all requirements of 11 U.S.C. § 1123 ..... 7
         a. The Plan satisfies 11 U.S.C. § 1123(a)(1) because it designates classes of claims. ..... 8
         b.The Plan satisfies 11 U.S.C. § 1123(a)(2) because it specifies treatment of unimpaired class. ..... 8
         c.The Plan satisfies 11 U.S.C. § 1123(a)(3) because it specifies treatment of impaired classes. ..... 8
         d..... The Plan satisfies 11 U.S.C. § 1123(a)(4) because it provides the same treatment of claims. ..... 9
         e..... The Plan satisfies 11 U.S.C. § 1123(a)(5) because it provides adequate means of implementation. ..... 10
         f. ................The Plan satisfies 11 U.S.C. § 1123(a)(6) regarding issuance of stock. ..... 11
         g.The Plan satisfies 11 U.S.C. § 1123(a)(7) because it does not seek to select an officer, director, or trustee. ..... 11

h......The Plan satisfies 11 U.S.C. § 1123(a)(8) does not apply to the Debtor because it is not an individual. .......... 11

B. The Plan complies with 11 U.S.C. § 1129(a)(2). .......... 12

C. The Plan complies with 11 U.S.C. § 1129(a)(3). .......... 12

D. The Plan complies with 11 U.S.C. § 1129(a)(4). .......... 13

E. The Plan complies with 11 U.S.C. § 1129(a)(5). .......... 13

F. The Plan complies with 11 U.S.C. § 1129(a)(6). .......... 13

G. The Plan complies with 11 U.S.C. § 1129(a)(7). .......... 14

H. The Plan does not comply with 11 U.S.C. § 1129(a)(8). .......... 15

I. The Plan complies with 11 U.S.C. § 1129(a)(9). .......... 15

i. The Plan complies with 11 U.S.C. § 1129(a)(9)(A). .......... 15

ii. The Plan complies with 11 U.S.C. § 1129(a)(9)(B). .......... 16

iii. The Plan complies with 11 U.S.C. § 1129(a)(9)(C). .......... 16

J. The Plan complies with 11 U.S.C. § 1129(a)(10). .......... 16

K. The Plan complies with 11 U.S.C. § 1129(a)(11). .......... 16

L. The Plan complies with 11 U.S.C. § 1129(a)(12). .......... 18

M. The Plan complies with 11 U.S.C. § 1129(a)(13). .......... 18

N. The Plan complies with 11 U.S.C. § 1129(a)(14). .......... 19

O. The Plan complies with 11 U.S.C. § 1129(a)(15). .......... 19

P. The Plan complies with 11 U.S.C. § 1129(a)(16). .......... 19

Q. The Debtor seeks confirmation of the Plan under 11 U.S.C. § 1129(b) because the Plan does not discriminate unfairly and is fair and equitable with respect to the impaired classes that have not accepted the Plan. .......... 20

5. CONCLUSION .......... 22

DECLARATION OF WILLIAM BUTLER .......... 23

DECLARATION OF JOSHUA TEEPLE .......... 25

REQUEST FOR JUDICIAL NOTICE .......... 27

## TABLE OF AUTHORITIES

**<u>CASES</u>**

*Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 LaSalle St. P'ship*,
526 U.S. 434, 453 (1999) .......... 12

*In re Drexel Burnham Lambert Group, Inc.*
138 B.R. 723, 772 (Bankr.S.D.N.Y. 1992) .......... 17

*In re Sylmar Plaza, L.P.*,
314 F.3d 1070, 1074 (9th Cir. 2002) .......... 12

*Oxford Life Ins. Co. v. Tucson Self-Storage, Inc. (In re Tucson Self-Storage, Inc.)*,
166 B.R. 892 (B.A.P. 9th Cir. 1994) .......... 20

**<u>STATUTES</u>**

11 U.S.C. § 1114 .......... 18, 23
11 U.S.C. § 1122(a) .......... 5, 6
11 U.S.C. § 1123(a)(1) .......... 8
11 U.S.C. § 1123(a)(4) .......... 9
11 U.S.C. § 1123(a)(5) .......... 10, 11
11 U.S.C. § 1123(a)(6) .......... 11
11 U.S.C. § 1123(a)(8) .......... 11
11 U.S.C. § 1124 .......... 8
11 U.S.C. § 1125(b) .......... 12
11 U.S.C. § 1126(c) .......... 5
11 U.S.C. § 1129(a) .......... 1, 5, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22
11 U.S.C. § 1129(a)(1) .......... 5
11 U.S.C. § 1129(a)(10) .......... 16, 18, 19
11 U.S.C. § 1129(a)(15) .......... 19
11 U.S.C. § 1129(a)(2) .......... 12
11 U.S.C. § 1129(a)(3) .......... 12, 13

11 U.S.C. § 1129(a)(4)....................13
11 U.S.C. § 1129(a)(5)....................13
11 U.S.C. § 1129(a)(7)....................14
11 U.S.C. § 1129(a)(8)....................1, 5, 15, 19, 22
11 U.S.C. § 1129(a)(9)....................15
11 U.S.C. § 1129(a)(9)(A)....................15, 16
11 U.S.C. § 1129(a)(9)(A)-(C)....................15
11 U.S.C. § 1129(a)(9)(C)....................16
11 U.S.C. § 1129(b)....................1, 5, 15, 19, 20, 21, 22
11 U.S.C. § 1129(b)(1)....................20
11 U.S.C. § 1129(b)(2)....................20
11 U.S.C. § 507(a)(2)....................8
11 U.S.C. § 507(a)(2) or (3)....................15
11 U.S.C. § 507(a)(8)....................15, 16
11 U.S.C. §§ 1122 and 1123....................5
11 U.S.C. §§ 507(a)(1) and (a)(4) through (a)(7)....................15
11 U.S.C. §§ 507(a)(1), (a)(5), (a)(6), or (a)(7)....................16
11 U.S.C. Section 1129(a)(1)....................5
11 U.S.C. Section 1129(a)(3)....................12
11 U.S.C. Section 1129(a)(4)....................13
28 U.S.C. § 1930....................18
Section 1129....................22
Section 1129(a)(2)....................12

**<u>OTHER AUTHORITIES</u>**

7 *Collier on Bankruptcy*
¶ 1129.02 (16th 2025)....................12
7 *Collier on Bankruptcy* P 1129.02 (16th 2023) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978))....................12

H.R. Rep. No. 595, 95th Cong., 1st Sess. 412 (1977) .......................................................... 12

TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

The debtor and debtor-in-possession, Pappas Piping Service, Inc., ("Pappas" or "Debtor"), respectfully submits this Memorandum of Points and Authorities in Support of Confirmation of the Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization ("Confirmation Brief"). In support of the Confirmation Brief, the Debtor respectfully represents as follows:

## 1. Summary of Argument

The requirements for confirmation of a plan are set forth under 11 U.S.C. § 1129(a). If all of the applicable requirements of 11 U.S.C. § 1129(a) are met, other than 11 U.S.C. § 1129(a)(8), then the court shall confirm the plan if it does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

In this case, the Plan satisfies all of the requirements of 11 U.S.C. § 1129(a), with the exception of 11 U.S.C. § 1129(a)(8), which requires that all classes are unimpaired or voted to accept the plan. The unimpaired class is Class 1(c). The impaired classes are Class 1(a), Class 1(b), Class 2(a), and Class 2(b). Class 1(b) and Class 2(b) voted to accept the Plan. Accordingly, one impaired class, Class 1(a), received no votes.

Nevertheless, the Plan still must be confirmed under 11 U.S.C. § 1129(b) because the Plan does not discriminate unfairly and is fair and equitable with respect to the impaired classes that did not vote to accept the Plan. Thus, the Debtor respectfully requests that the Court enter an order confirming the Plan.

## 2. Relevant Factual Background

### a. The Bankruptcy Filing and Schedules

On January 6, 2026 ("Petition Date"), Debtor filed a voluntary petition under Chapter 11 of Title 11, commencing Bankruptcy Case No. 8:26-bk-10033-MH. *See* Request for Judicial Notice ("RJN"), ¶1.

On January 20, 2026, as Dk. No. 40, the Debtor filed its schedules and statement of financial affairs. *See* RJN, ¶2.

**b. The Plan and Disclosure Statement**

On June 10, 2026, as Docket No. 125, the Debtor filed the Debtor-in-Possession's Chapter 11 Plan of Reorganization. *See* RJN, ¶3.

On June 10, 2026, as Docket No. 126, the Debtor filed the Disclosure Statement Describing the Debtor-in-Possession's Chapter 11 Plan of Reorganization. *See* RJN, ¶4.

On June 10, 2026, as Docket No. 127, the Debtor filed the Debtor and Debtor-in-Possession's Motion for Approval of Disclosure Statement. *See* RJN, ¶5.

On July 2 ,2026 as Docket No. 137, the Court entered an Amended Scheduling Order, modifying the deadline to obtain approval of the Disclosure Statement from July 13, 2026 to August 4, 2026. *See* RJN, ¶6.

On August 11, 2026, as Docket No. 148, the Debtor filed the Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization (previously defined as the "Plan"). *See* RJN, ¶7.

On August 11, 2026, as Docket No. 149, the Debtor filed the Disclosure Statement Describing Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization ("Disclosure Statement"). *See* RJN, ¶8.

On August 12, 2026, as Docket No. 151, the Court entered the Order Granting Debtor and Debtor-in-Possession's Motion for Approval of Disclosure Statement and Setting Plan Confirmation Deadlines ("Disclosure Statement Order"). *See* RJN, ¶9.[1]

On August 14, 2026, as Docket No. 153 the Court entered an Order Setting Hearing on Request re: Form of Service of Chapter 11 Packages.[2] *See* RJN, ¶10.

On August 17 2026, as Docket. No. .157, a Notice of entered Order Granting Debtor and Debtor-in-Possession's Motion for Approval of Disclosure Statement Describing Debtor's Liquidating Chapter 11 Plan of Reorganization and Setting Confirmation Schedule. *See* RJN, ¶11.

---

[1] A true and correct copy of the Disclosure Statement Order is attached to the RJN as **Exhibit "1."**

[2] On August 24 2026, as Docket No. 165, counsel for Debtor filed the declaration of David a. Wood in response to Order Setting Hearing on Request re: Form of Service of Chapter 11 Plan Packages. Ultimately mailed all Chapter 11 Packages via U.S. mail.

On August 17 2026, as Docket Nos. 158, the original signature of the Disclosure Statement was filed and signed by William Butler and Joshua Teeple, in support. *See* RJN, ¶12.

On August 17, 2026, as Dk. No. 159, the original signature of the Chapter 11 Plan of Reorganization was filed and signed by Joshua Teeple, in support. *See* RJN, ¶13.

### c. The Claims Bar Date

On February 5, 2026, as Docket No. 59, the Debtor filed the Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Case [LBR 3003-1] ("Notice of Bar Date"). *See* RJN, ¶27. According to the Notice of Bar Date, the court set April 10, 2026, as the deadline for non-governmental creditors to submit a proof of claim against the Debtor's estate. *See* Not. of Bar Date, Dk. No. 59, pg. 1. Additionally, July 6, 2026, was the deadline for a governmental unit to submit a proof of claim. *Id*. at pg. 2. As a result, the deadline to file any type of proof of claim in this case has passed.

Seventeen proofs of claim were filed in this case.[3] Below is a chart detailing the proofs of claim filed in this Bankruptcy Case:

| **Proof of Claim No.** | **Filing Date** | **Creditor's Name** | **Amount of Claim** | **Type of Claim** |
|---|---|---|---|---|
| 1-1 | 1/13/2026 | Hitachi Global Air Power US LLC | $81,166.68 | General Unsecured |
| 2-1 | 1/22/2026 | Puretec Industrial Water | $50,813.98 | General Unsecured |
| 3-1 | 2/5/2026 | Michael Paul Pappas | $400,000 | General Unsecured |
| 4-1 | 2/11/2026 | Great America Financial Service Corporation | $12,496.90 | General Unsecured |
| 5-1 | 2/17/2026 | Internal Revenue Service | $1,000 | General Unsecured |
| 6-1 | 2/19/2026 | Live Oak Banking | $3,189,601.40 | General |

[3] A true and correct copy of the claims register for the Bankruptcy Case is attached to the RJN as **Exhibit "2."**

| | | | | |
|---|---|---|---|---|
| | | Company | | Unsecured |
| 7-1 | 2/27/2026 | American Express National Bank | $5,144.50 | General Unsecured |
| 8-1 | 3/6/2026 | PG&E | $696.59 | General Unsecured |
| 9-1 | 3/9/2026 | Guillermo Silva | $400,000 | General Unsecured |
| 9-2[4] | 3/9/2026 | Guillermo Silva | $400,000 | General Unsecured |
| 10-1 | 3/10/2026 | Able Plumbing Sewer & Drain | $7,368 | General Unsecured |
| 11-1 | 3/12/2026 | American Contractors Indemnity Company | $0 | General Unsecured |
| 12-1 | 3/23/2026 | West American Finance Corporation | $1,485,000 | Secured[5] |
| 13-1 | 4/2/2026 | Sheppard, Mullin, Richter & Hampton LLP | $69,949.57 | General Unsecured |
| 14-1 | 4/7/2026 | WEX | $8,031.43 | General Unsecured |
| 15-1 | 4/7/2026 | William Butler | $537,923.70 | Secured[6] |
| 16-1 | 4/7/2026 | William Butler | $20,786 | General Unsecured |
| 17-1 | 4/14/2026 | Franchise Tax Board | $2,764.21 $2,553.31[7] | Priority |

[4] Although Mr. Silva filed what appears to be an amended proof of claim 9-2, the documents uploaded as 9-2 appear to be a duplicate of 9-1, part 2.

[5] West American Finance Company, attaches a UCC Financing Statement listing Debtor, as William Butler and indicates on the proof of claim as "money loaned.". West American's secured claim is as described in Class 1(b).

[6] William Butler listed Proof of Claim 15-1, secured as money loaned for assets-accounts, inventory and other. Basis for perfection, UCC. However, Mr. Butler is not a secured creditor and does not have a UCC-1 filed in connection with the Debtor.

[7] Proof of Claim 17-1 lists $2,553.31 as priority claimed out of the $2,764.21 claimed.

### 3. Ballot Analysis

Under 11 U.S.C. § 1126(c), a class of claims accepts a plan if at least two-thirds in amount and more than one-half in number vote in favor. 11 U.S.C. § 1126(c).

In this case, the deadline for submitting ballots in connection with the Plan was September 8, 2026. *See* RJN, Ex. 1, pg. 30:15-16. Timely-filed ballots have been reviewed, analyzed, and tallied for the impaired classes entitled to vote. As can be seen from the ballot analysis filed concurrently with this Confirmation Brief ("Ballot Analysis"): Class 1(a) is impaired and entitled to vote on the Plan and no votes were received; Class 1(b) is impaired and entitled to vote on the Plan, and there was one vote received accepting the Plan; Class 1(c) is unimpaired and not entitled to vote on the Plan and no votes were received; Class 2(a) is impaired and entitled to vote on the Plan and no votes were received accepting the Plan; and Class 2(b) is impaired and entitled to vote on the Plan and one vote was received accepting the Plan.

### 4. Legal Argument

The requirements for confirmation of a plan are set forth under 11 U.S.C. § 1129(a). 11 U.S.C. § 1129(a). If all of the applicable requirements of 11 U.S.C. § 1129(a) are met, other than 11 U.S.C. § 1129(a)(8), then the court shall confirm the plan if it does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. *Id*. at § 1129(a)(8).

In this case, and as further set forth below, the Plan meets all the requirements for confirmation as set forth in 11 U.S.C. § 1129(a), with the exception of 11 U.S.C. § 1129(a)(8). As a result, the Debtor seeks confirmation of the Plan under 11 U.S.C. § 1129(b).

#### A. The Plan complies with 11 U.S.C. § 1129(a)(1).

Under 11 U.S.C. § 1129(a)(1), a plan must comply with the applicable provisions of the Bankruptcy Code. Here, the Plan satisfies this requirement, as it complies with the requirements of 11 U.S.C. §§ 1122 and 1123, as further detailed below.

##### i. The Plan complies with 11 U.S.C. § 1122 because it places similar claims within each class.

Under 11 U.S.C. § 1122(a), a plan must "place a claim or interest in a particular class only if

such a claim or interest is substantially similar to other claims or interests in such class." 11 U.S.C. § 1122(a).

Here, the Plan classifies claims into five different classes. *See* Plan, Dk. No. 148, pgs. 7-10. The first three classes provide for the treatment of the Debtor's secured creditors and separates each creditor into their own class. *Id*., at pgs. 7:12-8:26. The first class, Class 1(a), consists of Live Oak Banking Company ("Live Oak"). *Id*. at pg. 7:16-8:7. Live Oak will be paid according to the terms of the underling loan documents with a monthly payment of approximately $49,490 per month, with interest that shall accrue on Live Oak's at the contractual rate. Additionally, Live Oak has an approximate $1.25 million claim against Mr. Butler's personal residence, which is currently being marketed for sale. Upon the sale of the residence and the payment to Live Oak of the $1.25 million, the Plan will then adjust to pay monthly payments to Live Oak in the amount of $24,745 per month, with interest at the contractual rate until Live Oak is paid in full. Pursuant to the projections attached to the Teeple Declaration as Exhibit "2," Live Oak is anticipated to be paid within three (3) years of the Effective Date. Live Oak shall retain its lien against its collateral, with a replacement lien arising as to such assets to the extent permitted by non-bankruptcy law.

The second class, Class 1(b), consists of West American Finance Corporation and/or Steve Harmsen ("West American"), No. 148, pgs. 8:23-9:2. Debtor will pay the allowed amount of West American's claim in full with monthly payments of $13,805.00 through the duration of the Plan until West American is paid in full, with 3.8% simple interest. West American shall retain its lien against Debtor's collateral.

The third class, Class 1(c), consists of Pirs Capital, LLC ("Pirs Capital"), Pirs Capital and the Debtor entered into a pre-petition first amended settlement agreement on or about November 4, 2025 ("First Amended Pirs Settlement"). A true and correct copy of the First Amended Pirs Settlement is attached to the Teeple Declaration as Exhibit "3." In the Cash Collateral Motion and Final Cash Collateral Order, Pirs Capital was to be paid in accordance with the First Amended Pirs Settlement. The Plan incorporates the treatment of Pirs Capital as set forth in the First Amended Pirs Settlement herein. *See* Plan, Dk. No. 148, pg. 8:17-26.

The next two classes, Class 2(a) and 2(b), consist of general unsecured claims. *See* Plan, Dk. No. 148, pgs. 9:11-10:20. Class 2(a), will be treated as follows: Each holder of an Allowed General Unsecured Claim may voluntarily elect to receive 50% of their Allowed General Unsecured Claim not to exceed $25,000 on the Effective Date or as soon as reasonably practicable after the Disbursing Agent has sufficient cash on hand to pay 50.0% of the claim. Any Allowed General Unsecured Claim holder who opts into this Class 2A will expressly waive any of the creditor's Allowed General Unsecured Claim in excess of $25,000. If an Allowed General Unsecured Claim holder fails to submit a ballot or if the submitted ballot does not affirmatively elect to be treated as a Class 2(a) creditor, then such Allowed General Unsecured Claim holder will be treated as Class 2(b) General Unsecured Claim Holder. *Id*. at pg. 9:15-10:5. Here, no creditors elected to be treated under Class 2(a). Class 2(b), will be treated as follows: Unless otherwise agreed by individual claimholders, in full and complete satisfaction of all Class 2(b) claims, claimants shall receive payment of their Allowed General Unsecured Claims in full, including interest at the federal judgment rate as of the Petition Date (3.8%), from the Petition Date until paid in full over the duration of the Plan. A true and correct copy of the Plan Projections are attached to the Teeple Declaration as Exhibit "2." The foregoing treatment shall be in full settlement and satisfaction of all Class 2(B) claims. As set forth in Exhibit "4" attached to the Teeple Declaration, the total amount of general unsecured claims are $3,233,621.58.

As a result, the Plan places similar claims within each class and reasonably separates the creditors into classes based on their respective claims (i.e., secured versus unsecured versus equity interests). Because the Plan only places similar claims within each class, the Plan complies with 11 U.S.C. § 1122.

**ii. The Plan complies with all requirements of 11 U.S.C. § 1123.**

Under 11 U.S.C. § 1123, a plan must comply with various requirements, which are detailed below. As further discussed below, each of these requirements are met.

/ / /

/ / /

/ / /

**a. The Plan satisfies 11 U.S.C. § 1123(a)(1) because it designates classes of claims.**

Under 11 U.S.C. § 1123(a)(1), a plan must designate one or more classes of claims and interests other than claims specified in 11 U.S.C. § 507(a)(2) (administrative expense claims), (a)(3) (claims arising during the "gap period" in an involuntary case), (a)(8) (priority tax claims), and classes of interests. 11 U.S.C. § 1123(a)(1).

Here, the Plan complies with 11 U.S.C. § 1123(a)(1) because it classifies claims other than administrative claims and priority tax claims. *See* Plan, Dk. No. 148, pgs. 7:12-10:20. Thus, the Plan complies with 11 U.S.C. § 1123(a)(1).

**b. The Plan satisfies 11 U.S.C. § 1123(a)(2) because it specifies treatment of unimpaired class.**

Under 11 U.S.C. § 1123(a)(2), a plan must specify the treatment of any class of claims or interests that is not "impaired" by the plan, as that term is defined under 11 U.S.C. § 1124. 11 U.S.C. § 1123(a)(2).

Here, the Plan expressly provides that Class 1(c) is unimpaired and details the treatment for this class. *See* Plan, Dk. No. 148, pgs. 8:17-26. Pirs Capital and the Debtor entered into a pre-petition first amended settlement agreement on or about November 4, 2025 ("First Amended Pirs Settlement").

Therefore, the Plan complies with 11 U.S.C. § 1123(a)(3) because it specifies the treatment of unimpaired classes.

**c. The Plan satisfies 11 U.S.C. § 1123(a)(3) because it specifies treatment of impaired classes.**

Under 11 U.S.C. § 1123(a)(3), a plan must specify the treatment of any class of claims or interests that is "impaired" by the plan. 11 U.S.C. § 1123(a)(3).

Here, the Plan specifies that Class 1(a), Class 1(b), Class 2(a) and Class 2(b) are impaired and describes the treatment of each claim. *See* Plan, Dk. No. 148, pgs. 7:16-28 – 10:1-27. With respect to Class 1(a), the Plan proposes to treat Live Oak Banking's claim as a Class 1(a) secured claim. *See* Plan Dk. No. 148, pg. 7:12-28 – 8:1-8. With respect to Class 1(b), the Plan proposes to

treat West American Finance's claim as a secured claim. *See* Plan, Dk. No. 148, pg. 8:8-16.

With respect to the Debtor's General Unsecured Claims in Classes 2(a) & 2(b),, the Plan proposes to pay Class 2(a), which is a Convenience Class, as follows: Each holder of an Allowed General Unsecured Claim may voluntarily elect to receive 50% of their Allowed General Unsecured Claim not to exceed $25,000 on the Effective Date or as soon as reasonably practicable after the Disbursing Agent has sufficient cash on hand to pay 50.0% of the claim. Any Allowed General Unsecured Claim holder who opts into this Class 2(a) will expressly waive any of the creditor's Allowed General Unsecured Claim in excess of $25,000. If an Allowed General Unsecured Claim holder fails to submit a ballot or if the submitted ballot does not affirmatively elect to be treated as a Class 2(a) creditor, then such Allowed General Unsecured Claim holder will be treated as Class 2(b) General Unsecured Claim Holder. *See* Plan, Dk. No. 148, pg. 9:16-28 – 10:1-6. Here, however, no creditors elected into Class 2(a).

The Plan proposes to pay Allowed Class 2(b) General Unsecured Claims, in full, including interest at the federal judgment rate as of the Petition Date (3.8%), from the Petition Date until paid in full over the duration of the Plan. A true and correct copy of the Plan Projections are attached to the Teeple Declaration as Exhibit "2." The foregoing treatment shall be in full settlement and satisfaction of all Class 2(B) claims. As set forth in Exhibit "4" attached to the Teeple Declaration, the total amount of general unsecured claims are $3,233,621.58. *See* Plan, Dk. No. 148, pg. 10:6-20.

Accordingly, the Plan complies with 11 U.S.C. § 1123(a)(3) because it specifies the treatment for all impaired classes.

**d. The Plan satisfies 11 U.S.C. § 1123(a)(4) because it provides the same treatment of claims.**

Under 11 U.S.C. § 1123(a)(4), a plan must provide the same treatment for each claim or interest of a class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such claim or interest. 11 U.S.C. § 1123(a)(4).

Here, the Plan provides for the same treatment of each claim within each particular class. *See* Plan, Dk. No. 148, pg. 7:12-10:28. The Plan proposes to treat the secured claimants in Class 1(a), Class 1(b), and Class 1(c) as the same treatment within each class.

Additionally, the classes of general unsecured claims are separated into two subclasses: Class 2(a), which provides for the treatment of convenience class – allowed general unsecured claim(s) Class 2(a) Option, and Class 2(b), which provides solely for the treatment of general unsecured claims . *See* Plan, Dk. No. 148, pgs. 9:11-10:20. Because the Plan provides for the same treatment of claims within each class, the Plan complies with 11 U.S.C. § 1123(a)(4).

**e. The Plan satisfies 11 U.S.C. § 1123(a)(5) because it provides adequate means of implementation.**

Under 11 U.S.C. § 1123(a)(5), a plan must "provide adequate means for its implementation," such as by the distribution of all or any part of the property of the estate. 11 U.S.C. § 1123(a)(5).

Here, the Plan explains the means for effectuating and funding the plan. *See* Plan, Dk. No. 148, pg. 11:1-16. Specifically, the Plan explains that it is projected that the Estate will have cash on hand at the Effective Date to make the necessary Effective Date payments and a percentage of the allowed administrative professional fees on the Effective Date. Thereafter, the Reorganized Debtor will fund the Plan payments through continued operations. A true and correct copy of the Plan Projections are attached to the Teeple Declaration as Exhibit "2," which is attached to the Disclosure Statement. The Debtor's projections demonstrate that through cash on hand and income generated by the Debtor over the life of the Plan, the Debtor will have the ability to make payments due: (1) on the Effective Date; (2) to administrative claim holders; (3) to Class 1(a), 1(b), and 1(c) claim holders; and (4) to Class 2(a) and 2(b) class holders. These projections are based upon the historical income and expenses of the Debtor, as well as the actual income and expenses incurred during the course of the Bankruptcy Case.

As set forth in Class 2(b), general unsecured creditors are expected to be paid in full and will receive interest (3.8%) at the federal judgment rate, which is significantly more than the approximately 0% general unsecured creditors would receive in a hypothetical chapter 7 liquidation. The Plan term is approximately three (3) years.

Thus, the Plan provides adequate means for implementation and complies with 11 U.S.C. § 1123(a)(5).

**f. The Plan satisfies 11 U.S.C. § 1123(a)(6) regarding issuance of stock.**

Under 11 U.S.C. § 1123(a)(6), where applicable, certain provisions must be included in the charter of a corporate debtor prohibiting the issuance of non-voting equity securities. 11 U.S.C. § 1123(a)(6).

Here, the Plan does not provide for the issuance of any stock. Rather, the Debtor's current interest holder, Ormond Corp, shall retain its ownership of all existing interests in the Debtor without impairment. Thus, the Plan complies with 11 U.S.C. § 1123(a)(6).

**g. The Plan satisfies 11 U.S.C. § 1123(a)(7) because it does not seek to select an officer, director, or trustee.**

Under 11 U.S.C. § 1123(a)(7), a plan must only include provisions consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director, or trustee. 11 U.S.C. § 1123(a)(7).

Here, Mr. Butler is the President, Chief Financial Officer, and Secretary of the Debtor. *See* Plan, Dk. No. 148, pg. 11:10-11. The Plan does not seek to select an alternative officer, director, or trustee on behalf of the Debtor. Thus, the Plan complies with 11 U.S.C. § 1123(a)(7).

**h. The Plan satisfies 11 U.S.C. § 1123(a)(8) does not apply to the Debtor because it is not an individual.**

Under 11 U.S.C. § 1123(a)(8), in a case in which the debtor is an individual, the plan must provide for the payment to creditors of all or such portion of earnings from personal services performed by the debtor after the commencement of the case or other future income of the debtor as is necessary for the execution of the plan. 11 U.S.C. § 1123(a)(8).

Here, the Debtor is a corporation. The Debtor is not an individual. As such, 11 U.S.C. § 1123(a)(8) does not apply to the Debtor.

In sum, and for the reasons set forth above, the Plan complies with 11 U.S.C. § 1129(a)(1) because it complies with all of the requirements of 11 U.S.C. §§ 1123(a)(1) through (a)(8).

### B. The Plan complies with 11 U.S.C. § 1129(a)(2).

Under 11 U.S.C. § 1129(a)(2), a plan may only be confirmed if the proponent of the plan has complied with the applicable provisions of Chapter 11. 11 U.S.C. § 1129(a)(2). The legislative history of this section "indicates that Congress was primarily concerned 'that the proponent of the plan comply with the applicable provisions of title 11, such as section 1125 regarding disclosure.'" *See* 7 *Collier on Bankruptcy* ¶ 1129.02 (16th 2025) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978)). Under 11 U.S.C. § 1125(b), acceptances or rejections of a plan may not be solicited after the commencement of the case unless, at the time of or before the solicitation, the plan or a summary of a plan is transmitted to the party being solicited together with a written disclosure statement approved by the court as containing adequate information. 11 U.S.C. § 1125(b).

Here, the Debtor has complied with all applicable statutory provisions in formulating and proposing the Plan, including, but not limited to, obtaining the Disclosure Statement Order and serving the Plan and documents on all parties. *See* Butler Decl., ¶13. No attempts were made to solicit votes from creditors before the Plan was served. *Id*. Consequently, the Plan complies with 11 U.S.C. § 1129(a)(2).

### C. The Plan complies with 11 U.S.C. § 1129(a)(3).

Under 11 U.S.C. § 1129(a)(3), a plan must be proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). The Ninth Circuit has held that "[a] plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Code." *In re Sylmar Plaza, L.P.,* 314 F.3d 1070, 1074 (9th Cir. 2002). Good faith is viewed under the totality of the circumstances. *Id*. The Supreme Court of the United States has identified two basic purposes of a Chapter 11 case as (1) preserving a going concern; and (2) maximizing property available to satisfy creditors. *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).

The Debtor has proposed the Plan in good faith. *See* Declaration of William Butler ("Butler Decl."), ¶8. The Debtor is using the Chapter 11 process to protect its assets and business operations while simultaneously paying all creditors in full and continuing its operations. *Id*. Indeed, in good faith, the Debtor negotiated with its creditors and 2 votes in favor of the Plan. Thus, the Plan meets

the objectives of the Bankruptcy Code, was proposed with honest and good intentions, and exhibits a fundamental fairness in dealing with all of the Debtor's creditors.

Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(3), as the Plan was proposed in good faith and not by any means forbidden by law.

### D. The Plan complies with 11 U.S.C. § 1129(a)(4).

Under 11 U.S.C. § 1129(a)(4), all payments made or promised by the proponent of the plan to any person for services or for costs and expenses in connection with the case, or in connection with the plan and incident to the case, must be approved by the bankruptcy court, or be subject to the approval of the bankruptcy court. 11 U.S.C. § 1129(a)(4).

Here, the Debtor has made no such payments to date. The Plan details the proposed treatment of administrative expenses. *See* Plan, Dk. No. 148, pgs. 5:7-6:2. The Plan provides that administrative professionals will be paid in full on the Effective Date, unless the claimant agrees to a different treatment, with the final claim amount pending an order approving the claimant's final fee application. *Id.* at pgs. 6:10-16. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(4).

### E. The Plan complies with 11 U.S.C. § 1129(a)(5).

Under 11 U.S.C. § 1129(a)(5), the plan proponent must disclose the identity and affiliation of any insider who will be employed or retained by the reorganized debtor, and the nature of any compensation thereto. 11 U.S.C. § 1129(a)(5).

Here, Mr. Butler is the President, Chief Financial Officer, and Secretary of the Debtor. *See* Plan, Dk. No. 148, pg. 30:8-10. Mr. Butler will continue to serve in these roles for the Debtor. Thus, the Plan complies with 11 U.S.C. § 1129(a)(5).

### F. The Plan complies with 11 U.S.C. § 1129(a)(6).

Under 11 U.S.C. § 1129(a)(6),any governmental regulatory commission with jurisdiction over the debtor's rates must approve any rate change provided for in the plan after its confirmation, or the rate change must be expressly conditioned on such approval. 11 U.S.C. § 1129(a)(6).

Here, to the best of Debtor's knowledge, the Debtor is not subject to governmental regulatory commission approval and is not subject to governmental regulatory approval of any rates. *See* Plan, Dk. No. 148, pg. 22:1-3. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(6).

### G. The Plan complies with 11 U.S.C. § 1129(a)(7).

Under 11 U.S.C. § 1129(a)(7), with respect to each impaired class of claims or interests established by the plan, each holder of a claim or interest in such class must accept the plan, or receive under the plan property of a value as of the effective date of the plan which is not less than the amount which such holder would receive if the debtor's assets were liquidated under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 1129(a)(7).

Here, this requirement has been met. As set forth above, the impaired classes are Class 1(a), Class 1(b), Class 2(a), and Class 2(b). *See* Plan, Dk. No. 148, pgs. 7:12-10:27. According to the concurrently filed Ballot Analysis, Class 1(b) and Class 2(b) have voted to accept the Plan. Thus, the only impaired classes that did not vote are Class 1(b) and Class 2(a).

However, while these impaired classes did not vote, the claimants in Class 1(b) and Class 2(a) will receive property of a value of the effective date that is not less than the amount which holder would receive if the Debtor's assets were liquidated under Chapter 7 – which would be 0.0%. In fact, Class 1(a) Live Oak will be paid according to its underlying loan documents and is anticipated to be paid in full within three years of the Effective Date. Similarly, Class 1(b) West America will be paid in full with interest pursuant to the Plan. With respect to Class 2(a), the Plan proposes to treat this as a convenience class – allowed general unsecured claims(s) Class 2(a) option. *See* Plan, Dk. No. 148, pgs. 9:15-10:6. However, no unsecured creditors elected into Class 2(a). With respect to Class 2(b), the Plan proposes to pay these claimants as general unsecured claims as follows: Unless otherwise agreed by individual claimholders, in full and complete satisfaction of all Class 2(b) claims, claimants shall receive payment of their Allowed General Unsecured Claims in full, including interest at the federal judgment rate as of the Petition Date (3.8%), from the Petition Date until paid in full over the duration of the Plan. A true and correct copy of the Plan Projections are attached to the Teeple Declaration as Exhibit "2," which is attached to the Disclosure Statement. The foregoing treatment shall be in full settlement and satisfaction of all Class 2(B) claims. As set forth in Exhibit "4" attached to the Teeple Declaration, which is attached to the Disclosure Statement, the total amount of general unsecured claims are $3,233,621.58. *Id*. at pg. 10:6-21.

**H. The Plan does not comply with 11 U.S.C. § 1129(a)(8).**

Under 11 U.S.C. § 1129(a)(8), with respect to each class of claims or interests established by a plan, such class of claims or interests must have accepted the plan, or such class must be unimpaired under the plan. 11 U.S.C. § 1129(a)(8).

As set forth above, impaired classes are Class 1(a), Class 1(b), Class 2(a), and Class 2(b). *See* Plan, Dk. No. 148, pgs. 14:17-17:21. The remaining class, Class 1(c) is unimpaired.

According to the concurrently filed Ballot Analysis, two impaired classes, Class 1(b) and Class 2(b), have voted to accept the Plan. Thus, the only two impaired classes that did not vote to accept the Plan are Class 1(a) and Class 2(a). Accordingly, thus, the Plan does not comply with 11 U.S.C. § 1129(a)(8). Notwithstanding, the Plan shall still be confirmed under 11 U.S.C. § 1129(b) because the Plan does not discriminate unfairly and is fair and equitable with respect to the impaired classes that have not accepted the Plan.

**I. The Plan complies with 11 U.S.C. § 1129(a)(9).**

Under 11 U.S.C. § 1129(a)(9), unless the holder of a particular claim agrees to a different treatment, the plan must provide the following: (a) the holder of a claim entitled to priority under 11 U.S.C. § 507(a)(2) or (3) must receive cash in the allowed amount of its claim on the effective date of the plan; (b) the holder of a claim entitled to priority under 11 U.S.C. §§ 507(a)(1) and (a)(4) through (a)(7) must receive cash in the allowed amount of its claim on the effective date of the plan or deferred cash payments of a value, as of the effective date, equal to the allowed amount of such claims; and (c) the holder of a tax claim entitled to priority under 11 U.S.C. § 507(a)(8) must receive regular installment payments in case (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim, (ii) over a period no later than 5 years after the petition date, and (iii) in a manner not less favorable than the most favored non-priority unsecured claim provided for under the plan. 11 U.S.C. § 1129(a)(9)(A)-(C).

**i. The Plan complies with 11 U.S.C. § 1129(a)(9)(A).**

Here, the Plan complies with 11 U.S.C. § 1129(a)(9)(A). The Plan provides that all administrative expenses will be paid on the Effective Date, unless the claimant agrees to a different

treatment. *See* Plan, Dk. No. 148, pgs. 5:3-7:4. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(9)(A).

### ii. The Plan complies with 11 U.S.C. § 1129(a)(9)(B).

Here, the Plan complies with 11 U.S.C. § 1129(a)(9)(B). The Debtor does not have any 11 U.S.C. §§ 507(a)(1), (a)(4), (a)(5), (a)(6), or (a)(7) priority creditors. *See*, Plan, Dk. No. 148, pg. 9:17-23. Thus, the Plan complies with 11 U.S.C. § 1129(a)(9)(B).

### iii. The Plan complies with 11 U.S.C. § 1129(a)(9)(C).

Here, the Plan complies with 11 U.S.C. § 1129(a)(9)(C). The Debtor has two priority tax claimants under 11 U.S.C. § 507(a)(8), the Internal Revenue Service, in the amount of $1,000; and the Franchise Tax Board in the amount of $2,553.31.

The Plan proposes to pay all priority tax claims under 11 U.S.C. § 507(a)(8) on the Effective Date. *See* Plan, Dk. No. 148, pg. 7:2-7. Because the Effective Date is defined as "the first business day which is at least fifteen (15) days following the date of the entry of the Confirmation Order, assuming there has been no appeal from, or order staying the effectiveness of, the Confirmation Order," the Effective Date will occur prior to three-years after confirmation of the Plan. *Id*. at pg. 26:23-25. Thus, the Plan satisfies 11 U.S.C. § 1129(a)(9)(C).

## J. The Plan complies with 11 U.S.C. § 1129(a)(10).

Under 11 U.S.C. § 1129(a)(10), if a class of claims is impaired by the plan, at least one class of claims that is impaired by the plan must be determined to have accepted the plan, determined without including any acceptance of the plan by an insider. 11 U.S.C. § 1129(a)(10).

As set forth above, impaired classes are Class 1(a), Class 1(b), Class 2(a), and Class 2(b). *See* Plan, Dk. No. 148, pgs. 14:13-17:22.

According to the concurrently filed Ballot Analysis, two impaired classes, Class 1(b) and Class 2(b), have voted to accept the Plan. Thus, at least one class of claims that is impaired has accepted the Plan. Accordingly, the Plan complies with 11 U.S.C. § 1129(a)(10).

## K. The Plan complies with 11 U.S.C. § 1129(a)(11).

Under 11 U.S.C. § 1129(a)(11), the plan proponent must show that"[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of

the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." "Section 1129(a)(11) requires that a plan must be 'feasible,' that is, if the plan is not a liquidating plan, a Court must determine that a debtor, or its successor under a plan, is not likely to require liquidation or further financial reorganization, except as provided under a plan." *In re Drexel Burnham Lambert Group, Inc*. 138 B.R. 723, 772 (Bankr. S.D.N.Y. 1992).

The two aspects of feasibility are that the plan proponent will have: (i) sufficient cash on hand to make the payments required on the effective date; and (ii) sufficient cash over the life of the plan to make the required plan payments. Both aspects are satisfied here.

Here, the Plan is a plan of reorganization and creditors will be paid from the Debtor's disposable income over an approximate three-year period. *See* Plan, Dk. No. 148, pg. 18:13-16. The projections attached to the Disclosure Statement show that the Debtor will be able to make the proposed plan payments. *See* Disclosure Statement, Dk. No. 149, pg. 51.[8] As for the first feasibility prong, the Debtor is projected to have sufficient cash on hand to make the payments due on or about the Effective Date.

As set forth in the Plan, it is projected that the Estate will have cash on hand at the Effective Date to make the necessary Effective Date payments and a percentage of the allowed administrative professional fees on the Effective Date. Thereafter, the Reorganized Debtor will fund the Plan payments through continued operations. A true and correct copy of the Plan Projections are attached to the Teeple Declaration as Exhibit "2" to the Disclosure Statement. The Debtor's projections demonstrate that through cash on hand and income generated by the Debtor over the life of the Plan, the Debtor will have the ability to make payments due: (1) on the Effective Date; (2) to administrative claim holders; (3) to Class 1(a), 1(b), and 1(c) claim holders; and (4) to Class 2(a) and 2(b) class holders. These projections are based upon the historical income and expenses of the Debtor, as well as the actual income and expenses incurred during the course of the Bankruptcy Case.

---

[8] Additionally, a copy of the projections submitted in support of the Disclosure Statement are attached to the Declaration of Joshua Teeple ("Teeple Decl.") as **Exhibit "2."** A copy of the liquidation analysis submitted in support of the Disclosure Statement is attached to the Teeple Decl. as **Exhibit "5."**

As set forth in Class 2(b), general unsecured creditors are expected to be paid in full and will receive interest (3.8%) at the federal judgment rate, which is significantly more then the approximately 0% general unsecured creditors would receive in a hypothetical chapter 7 liquidation. The Plan term is approximately three (3) years. *See* Teeple Decl., Ex. 2, pgs. 51-64, attached to the Plan.

As for the second prong, the Plan provides for payments on account of any Allowed Claims to be over time. As a result, the accompanying projections reflect that the Debtor should have sufficient cash on hand to make the required Plan payments through approximately 2029, including estimated operating expenses. *See* Teeple Decl., Ex. 4, in support of the Disclosure Statement. As set forth in the projections, the Debtor is projected to have sufficient funds through approximately 2029 (three years) to fund the Plan. *Id*. Therefore, as noted, the second aspect of feasibility is either inapplicable or satisfied.

As such, the Plan is likely not going to require liquidation or further financial reorganization, except as otherwise provided under the Plan. Thus, the Plan satisfies 11 U.S.C. § 1129(a)(11).

## L. The Plan complies with 11 U.S.C. § 1129(a)(12).

Under 11 U.S.C. § 1129(a)(12), all fees payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the hearing on the confirmation of the plan, must have been paid, or the plan must provide for the payment of all such fees on the effective date of the plan. 11 U.S.C. § 1129(a)(12).

Here, the requirements of 11 U.S.C. § 1129(a)(12) have been met because the Plan provides that all such fees will be paid by the Effective Date. *See* Plan, Dk. No. 148, pg. 16:13-17:3.

## M. The Plan complies with 11 U.S.C. § 1129(a)(13).

Under 11 U.S.C. § 1129(a)(13), the plan must provide for the continuation, after the effective date of the plan, of the payment of all retiree benefits as defined in 11 U.S.C. § 1114. 11 U.S.C. § 1129(a)(13).

Here, the Debtor does not have any retiree benefits as defined by 11 U.S.C. § 1114. *See generally*, Plan, Dk. No. 148; *see also* Butler Decl., ¶10. Thus, this section is not applicable and, as such, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(13).

**N. The Plan complies with 11 U.S.C. § 1129(a)(14).**

Under 11 U.S.C. § 1129(a)(14), if the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor must have paid all amounts payable under such order or such statute for such obligation that first became payable after the date of filing the petition. 11 U.S.C. § 1129(a)(14).

Here, the Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. *See generally*, Plan, Dk. No. 148; *see also* Butler Decl., ¶11. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(14).

**O. The Plan complies with 11 U.S.C. § 1129(a)(15).**

Under 11 U.S.C. § 1129(a)(15), in a case in which a debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan, the value of the property to be distributed under the plan must be more than the amount specified in section 1129(a)(15). 11 U.S.C. § 1129(a)(15).

Here, the Debtor is a corporation and is not an individual. Thus, this section is not applicable and, as such, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(15).

**P. The Plan complies with 11 U.S.C. § 1129(a)(16).**

Under 11 U.S.C. § 1129(a)(16), all transfers of property under the plan must be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. 11 U.S.C. § 1129(a)(16).

The Plan does not contemplate any transfers of property other than regular payments under the Plan that will be made by the Reorganized Debtor as the disbursing agent. *See* Plan, Dk. No. 148, pg. 13:16-22. All such transfers shall be made in accordance with the applicable provisions of non-bankruptcy law. Thus, the Plan complies with 11 U.S.C. § 1129(a)(16).

Based on the foregoing, the Plan satisfies the requirements of 11 U.S.C. § 1129(a), with the exception of 11 U.S.C. § 1129(a)(8). Thus, the Debtor seeks confirmation of the Plan under 11 U.S.C. § 1129(b), as set forth below.

### Q. The Debtor seeks confirmation of the Plan under 11 U.S.C. § 1129(b) because the Plan does not discriminate unfairly and is fair and equitable with respect to the impaired classes that have not accepted the Plan.

Under 11 U.S.C. § 1129(b), if all of the applicable requirements of 11 U.S.C. § 1129(a) are met with respect to the plan, then the court, on request of the proponent of the plan, shall confirm the plan. However, a plan may still be confirmed if it satisfies the "cramdown" provisions of 11 U.S.C. § 1129(b):

> [I]f all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponents of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1129(b)(1).

Generally, the requirement that a plan not unfairly discriminate applies to plan in which claims or interests have been subordinated and requires that a plan afford the same treatment to classes of claim or interests with similar legal claims against the debtor. *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 787 F.2d 1352, 1365 (9th Cir. 1986); *see also Oxford Life Ins. Co. v. Tucson Self-Storage, Inc. (In re Tucson Self-Storage, Inc.)*, 166 B.R. 892, 898 (B.A.P. 9th Cir. 1994).

With respect to a class of unsecured claims, a plan is fair and equitable if:

> (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date, equal to the allowed amount of such claim; or
>
> (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property.

11 U.S.C. § 1129(b)(2)(B). Thus, to be "fair and equitable" with respect to a class of unsecured claims, no claims junior to unsecured creditors may receive or retain an interest in property under the plan. *Id*.

In this case, as set forth above, impaired classes are Class 1(a), Class 1(b), Class 2(a), and Class 2(b). *See* Plan, Dk. No. 148, pgs. 7:16-10:20. The remaining class, Class 1(c) is unimpaired.

According to the concurrently filed Ballot Analysis, four impaired classes, Class 1(b) and Class 2(b) have voted to accept the Plan. Thus, the two remaining impaired classes that did not vote are Class 1(a) and Class 2(a).

This treatment satisfies the "fair and equitable" requirement of 11 U.S.C. § 1129(a)(2)(B) because no holder of a claim or interest junior to Class 1(a) or Class 2(a) will receive or retain any property under the Plan unless and until those claims are paid in full. Specifically, the Plan provides that Class 1(a) claimant, Live Oak Banking Company, will be paid according to the terms of the underling loan documents with a monthly payment of approximately $49,490 per month, with interest shall accrue on Live Oak's at the contractual rate, and Class 2(a), convenience class – allowed general unsecured claim(s) class 2(a) option, will be paid in full with interest as follows: Each holder of an Allowed General Unsecured Claim may voluntarily elect to receive 50% of their Allowed General Unsecured Claim not to exceed $25,000 on the Effective Date or as soon as reasonably practicable after the Disbursing Agent has sufficient cash on hand to pay 50.0% of the claim. Any Allowed General Unsecured Claim holder who opts into this Class 2A will expressly waive any of the creditor's Allowed General Unsecured Claim in excess of $25,000. If an Allowed General Unsecured Claim holder fails to submit a ballot or if the submitted ballot does not. affirmatively elect to be treated as a Class 2(a) creditor, then such Allowed General Unsecured Claim holder will be treated as Class 2(b) General Unsecured Claim Holder. *See* Plan, Dk. No. 148, pgs. 9:11-10:5. Because these impaired unsecured class is receiving payment in full on account of their allowed claims, the Plan satisfies 11 U.S.C. § 1129(b)(2)(B)(i). Further, there is no evidence that any junior class or equity interest holder will receive or retain property under the Plan on account of such junior interest before these unsecured claims are paid in full.

Accordingly, the Plan does not discriminate unfairly and is fair and equitable with respect to Class 1(c) and Class 2(c) within the meaning of 11 U.S.C. § 1129(b)(2)(B). Thus, the Plan complies with the requirements of 11 U.S.C. § 1129(b)(2).

/ / /

/ / /

/ / /

## 5. Conclusion

Under 11 U.S.C. § 1129(b)(1), a bankruptcy court shall confirm a Chapter 11 plan if the plan complies with the requirements of 11 U.S.C. § 1129(a), with the exception of 11 U.S.C. § 1129(a)(8), if the plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that is impaired under, and has not accepted, the plan. 11 U.S.C. § 1129(b)(1).

As established above, the Plan complies fully with the requirements for confirmation under 11 U.S.C. § 1129(b) and, therefore, should be confirmed. Accordingly, the Debtor respectfully requests that the Court enter an order: (1) confirming the Plan; and (2) for such other and further relief as the Court may deem proper.

DATED: September 22, 2026

MARSHACK HAYS WOOD LLP

By: */s/ Aaron E. de Leest*
AARON E. DE LEEST
SARAH R. HASSELBERGER
Attorney for Debtor and Debtor-in-Possession,
HERMS LUMBER SALES, INC.

# DECLARATION OF WILLIAM BUTLER

I, WILLIAM BUTLER, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am the President, Chief Financial Officer, and Secretary of Debtor of Pappas Piping Service, Inc., the Debtor and debtor-in-possession herein(“Debtor”).

5. I will continue to serve in the roles for the Debtor in the above capacity listed in paragraph 4.

6. I make this declaration in support of the Memorandum of Points and Authorities in Support of the Confirmation of Debtor-in-Possession’s First Amended Chapter 11 Plan of Reorganization (“Confirmation Brief”).

7. All terms not defined herein are used as they are defined in the Confirmation Brief.

8. The Debtor has proposed the Plan in good faith. The Debtor is using the Chapter 11 process to protect its assets and business operations while simultaneously paying all creditors in full and continuing its operations.

9. On behalf of the Debtor, I negotiated with Debtor’s creditors and 2 votes in favor of the Plan.

10. The Debtor does not have any retiree benefits as defined by 11 U.S.C. § 1114.

11. The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

12. I believe that the Plan is in the best interest of creditors of this Bankruptcy Estate. Thus, I respectfully request that the Court confirm the Plan.

/ / /

/ / /

/ / /

/ / /

13. The Debtor has complied with all applicable statutory provisions in formulating and proposing the Plan, including, but not limited to, obtaining the Disclosure Statement Order and serving the Plan and documents on all parties. No attempts were made to solicit votes from creditors before the Plan was served.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 21, 2026.

WILLIAM BUTLER

# DECLARATION OF JOSHUA TEEPLE

I, JOSHUA TEEPLE, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am a principal at the public accounting firm Grobstein Teeple LLP ("GT") and am authorized to and make this declaration on behalf of the debtor and debtor-in-possession, Pappas Piping Service, Inc. ("Debtor") in the above-captioned case. GT is the financial advisor to the Debtor.

5. I make this declaration in support of the Memorandum of Points and Authorities in Support of the Confirmation of Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization ("Confirmation Brief").

6. All terms not defined herein are used as they are defined in the Confirmation Brief.

7. The facts set forth below are true of my personal knowledge, unless otherwise Since GT's work on behalf of the Debtor began, I have assisted the Debtor with any outstanding reporting requirements to the Office of the United States Trustee, the preparation of monthly operating reports, and developing its Plan, including by analyzing the Debtor's historical financial performance and based thereon, among other things, preparing Debtor's financial projections, liquidation analysis, and analyzing the feasibility of the Plan in light of the projections.

8. With respect to my analysis of the Debtor's historical performance and preparation of its liquidation analysis and projections, I analyzed the Debtor's petition and schedules in addition to certain of the Debtor's internal financial documents and statements, books and records, and internally prepared projections.

9. I held discussions with the Debtor's President, Chief Financial Officer and Secretary of the Debtor, Mr. William Butler, as to the factors impacting the Debtor's performance, expected trends, and economic factors impacting the Debtor's business prospects.

10. Based on the information received and analysis performed, I prepared the projections attached as Exhibit “2” to the Disclosure Statement. A true and correct copy of the projections are attached here as **Exhibit “2.”**

11. As noted in the Plan, distributions to creditors under the Plan will be funded from the cash on hand and income generated by the Debtor over the life of the Plan. The Debtor’s financial projections show that the Debtor will pay all creditors in full. Thus, the value to be distributed under the three-year term of the Plan exceeds the value to be distributed in a Chapter 7 liquidation.

12. Based upon the information received and analysis performed, I prepared the liquidation analysis attached as Exhibit “5” to the Plan. The liquidation analysis is attached to this declaration as **Exhibit “5.”**

13. As set forth in the liquidation analysis it assumes a 50% recovery under a Chapter 7 liquidation.

14. In my opinion, the foregoing assumptions and adjustments represent reasonable and supportable estimates of realizable value of the Debtor’s assets. The resulting valuations have been used consistently throughout the Debtor’s liquidation analysis and financial projections in support of the Plan, and, in my professional judgment, provide a fair and accurate basis for evaluating creditor recoveries under the Plan compared to a Chapter 7 liquidation. As a result, the projections attached to the Plan are conservative and show that the Debtor should be able to make the proposed plan payments, or at a minimum, there is a reasonable likelihood that the Debtor will make the required plan payments.

15. In addition to Exhibits “2” and “5” discussed herein, I have read the Debtor’s Plan and Disclosure Statement and the representations therein regarding the Debtor’s past, current, and future financial condition and, based on my analysis and understanding of the Debtor’s financials, I believe them to be true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 21st, 2026.

JOSHUA TEEPLE

## Request for Judicial Notice

Debtor and Debtor-in-Possession, Pappas Piping Service, Inc. requests pursuant to Rule 201 of the Federal Rules of Evidence that this Court take judicial notice of the following:

1. On January 6, 2026 ("Petition Date"), Debtor filed a voluntary petition under Chapter 11 of Title 11, commencing Bankruptcy Case No. 8:26-bk-10033-MH.

2. On January 20, 2026, as Dk. No. 40, the Debtor filed its schedules and statement of financial affairs.

3. On June 10, 2026, as Docket No. 125, the Debtor filed the Debtor-in-Possession's Chapter 11 Plan of Reorganization.

4. On June 10, 2026, as Docket No. 126, the Debtor filed the Disclosure Statement Describing the Debtor-in-Possession's Chapter 11 Plan of Reorganization.

5. On June 10, 2026, as Docket No. 127, the Debtor filed the Debtor and Debtor-in-Possession's Motion for Approval of Disclosure Statement.

6. On July 2 ,2026 as Docket No. 137, the Court entered an Amended Scheduling Order, modifying the deadline to obtain approval of the Disclosure Statement from July 13, 2026 to August 4, 2026.

7. On August 11, 2026, as Docket No. 148, the Debtor filed the Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization (previously defined as the "Plan"). *See* RJN, ¶8.

8. On August 11, 2026, as Docket No. 149, the Debtor filed the Disclosure Statement Describing Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization ("Disclosure Statement"). *See* RJN, ¶9.

9. On August 12, 2026, as Docket No. 151, the Court entered the Order Granting Debtor and Debtor-in-Possession's Motion for Approval of Disclosure Statement and Setting Plan Confirmation Deadlines ("Disclosure Statement Order"). *See* RJN, ¶6.[9]

[9] A true and correct copy of the Disclosure Statement Order is attached to the RJN as **Exhibit "1."**

10. On August 14, 2026, as Docket No. 153 the Court entered an Order Setting Hearing on Request re: Form of Service of Chapter 11 Packages.[10]

11. On August 17 2026, as Docket. No. .157, a Notice of entered Order Granting Debtor and Debtor-in-Possession's Motion for Approval of Disclosure Statement Describing Debtor's Liquidating Chapter 11 Plan of Reorganization and Setting Confirmation Schedule.

12. On August 17 2026, as Docket Nos. 158, the original signature of the Disclosure Statement was filed and signed by William Butler and Joshua Teeple, in support.

13. On August 17, 2026, as Dk. No. 159, the original signature of the Chapter 11 Plan of Reorganization was filed and signed by Joshua Teeple, in support.

DATED: September 22, 2026

MARSHACK HAYS WOOD LLP

By: */s/ Aaron E. de Leest*
DAVID A. WOOD
MATTHEW W. GRIMSHAW
AARON E. DE LEEST
SARAH R. HASSELBERGER
Attorney for Debtor and Debtor-in-Possession,
PAPPAS PIPING SERVICE, INC.

[10] On August 24 2026, as Docket No. 165, counsel for Debtor filed the declaration of David a. Wood in response to Order Setting Hearing on Request re: Form of Service of Chapter 11 Plan Packages. Ultimately mailed all Chapter 11 Packages via U.S. mail.

# Exhibit “1”

DAVID A. WOOD, #272406
dwood@marshackhays.com
MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Attorneys for
PAPPAS PIPING SERVICE, INC.

FILED & ENTERED

AUG 12 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re

PAPPAS PIPING SERVICE, INC.,

Debtor.

Case No. 8:26-bk-10033-MH

Chapter 11

ORDER GRANTING DEBTOR AND DEBTOR-IN-POSSESSION'S MOTION FOR APPROVAL OF DISCLOSURE STATEMENT DESCRIBING DEBTOR'S LIQUIDATING CHAPTER 11 PLAN OF REORGANIZATION AND SETTING CONFIRMATION SCHEDULE

Disclosure Statement Hearing
Date: August 4, 2026
Time: 1:30 p.m.
Courtroom: 6C
Place: 411 W. Fourth St., Santa Ana, CA 92701

Plan Confirmation Hearing
Date: October 27, 2026
Time: 1:30 p.m.
Courtroom: 6C
Place: 411 W. Fourth St., Santa Ana, CA 92701

/ / /

/ / /

On August 4, 2026, the Court held a hearing on the *Debtor and Debtor-in-Possession's Motion for Approval of Disclosure Statement Describing Debtor's Liquidating Chapter 11 Plan of Reorganization* ("Motion"), filed by the debtor and debtor-in-possession, Pappas Piping Service, Inc. ("Debtor"), on June 10, 2026, as Docket No. 127. All appearances were noted on the record.

Having reviewed the Motion, the *Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization* ("Plan"), filed by the Debtor on August 11, 2026, as Docket No. 148, the *Disclosure Statement Describing Debtor-in-Possession's First Amended Chapter 11 Plan of Reorganization* ("Disclosure Statement"), filed by the Debtor on August 11, 2026, as Docket No. 149, and the record in this case, the Court enters its order as follows:

IT IS ORDERED:

1. The Motion is granted.

2. The Disclosure Statement is approved.

3. The deadline for the Debtor to serve the solicitation package, including the Plan and ballots, is August 18, 2026.

4. Completed ballots must be served on the Debtor's counsel such that they are received on or before the close of business on September 8, 2026.

5. The deadline for the Debtor to file its confirmation brief, memorandum of points and authorities in support of plan confirmation, and evidence of feasibility is September 22, 2026.

6. The deadline for the Debtor to file a ballot summary attaching copies of the ballots is September 22, 2026.

7. The deadline for creditors, the U.S. Trustee, or any other party in interest, to file any opposition or response to plan confirmation is October 6, 2026.

8. The deadline to file a reply to any opposition or response to plan confirmation, if any, is October 13, 2026; and

/ / /

/ / /

/ / /

/ / /

9. A hearing on plan confirmation will be held on October 27, 2026, at 1:30 p.m.

###

Date: August 12, 2026

Mark Houle
United States Bankruptcy Judge

# Exhibit “2”

# Pappas Piping Service, Inc.



## Post-Confirmation Projected Cash Flow

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 1 | | | Post-Confirmation - Year 1 | | |
|---|---|---|---|---|---|---|
| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 |
| **Operating Cash - Beginning of Period** | $ 750,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Sources of Cash:** | | | | | | |
| Project Revenue | 707,859 | 707,859 | 707,859 | 707,859 | 707,859 | 707,859 |
| **Total Sources of Cash** | $ 707,859 | $ 707,859 | $ 707,859 | $ 707,859 | $ 707,859 | $ 707,859 |
| **Uses of Cash:** | | | | | | |
| Materials/Job Accts/Subs | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 |
| Operating Expenses | | | | | | |
| Payroll | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 |
| Travelers - Company Insurance | 19,413 | 19,413 | 19,413 | 19,413 | 19,413 | 19,413 |
| Kaiser - Employee Insurance | 19,580 | 19,580 | 19,580 | 19,580 | 19,580 | 19,580 |
| Fuel Expense | 7,145 | 7,145 | 7,145 | 7,145 | 7,145 | 7,145 |
| Dollinger - Rent | 12,776 | 12,776 | 12,776 | 12,776 | 12,776 | 12,776 |
| Other Operating Costs (IT, Supplies, Trucks, Etc) | 13,409 | 13,409 | 13,409 | 13,409 | 13,409 | 13,409 |
| Legal Fees | 6,556 | 6,556 | 6,556 | 6,556 | 6,556 | 6,556 |
| Disbursing Agent | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| Miscellaneous | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| **Net Income** | $ 112,123 | $ 112,123 | $ 112,123 | $ 112,123 | $ 112,123 | $ 112,123 |
| Secured Creditor Payments | | | | | | |
| PIRS - Lender | 18,182 | 18,182 | 18,182 | 18,182 | 36,364 | |
| Live Oak - Lender (a) | 49,490 | 49,490 | 49,490 | 49,490 | 49,490 | 24,745 |
| West American Finance Corporation | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 |
| Priority Claims | 3,553 | | | | | |
| Administrative Expenses | | | | | | |
| Chief Restructuring Officer | 35,000 | | | | | |
| Debtor Counsel | 100,000 | | | | | |
| Claims Agent | 25,000 | | | | | |
| **Total Uses of Cash:** | $ 840,766 | $ 677,213 | $ 677,213 | $ 677,213 | $ 695,394 | $ 634,286 |
| **Net Cash Inflow (Outflow)** | (132,907) | 30,646 | 30,646 | 30,646 | 12,464 | 73,573 |
| **Less: Creditor Pool Estimated Monthly Payment** | (117,093) | (30,646) | (30,646) | (30,646) | (12,464) | (73,573) |
| **Operating Cash - End of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Creditor Pool - Beginning of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

]

## Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 1 | | | Post-Confirmation - Year 1 | | |
|---|---|---|---|---|---|---|
| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 |
| Add: Estimated Monthly Payment | 117,093 | 30,646 | 30,646 | 30,646 | 12,464 | 73,573 |
| Monthly GUC Distribution | (117,093) | (30,646) | (30,646) | (30,646) | (12,464) | (73,573) |
| **Creditor Pool - End of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

***(a) Assumes that the Butler's personal residence will be sold through their Chapter 11 bankruptcy in or about October 2026 which should eliminate approximately half of Live Oak's secured debt.***

]

# Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 1 | | | Post-Confirmation - Year 1 | | |
|---|---|---|---|---|---|---|
| | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 |
| **Operating Cash - Beginning of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Sources of Cash:** | | | | | | |
| Project Revenue | 707,859 | 707,859 | 707,859 | 707,859 | 707,859 | 707,859 |
| **Total Sources of Cash** | $ 707,859 | $ 707,859 | $ 707,859 | $ 707,859 | $ 707,859 | $ 707,859 |
| **Uses of Cash:** | | | | | | |
| Materials/Job Accts/Subs | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 |
| Operating Expenses | | | | | | |
| Payroll | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 | 255,429 |
| Travelers - Company Insurance | 19,413 | 19,413 | 19,413 | 19,413 | 19,413 | 19,413 |
| Kaiser - Employee Insurance | 19,580 | 19,580 | 19,580 | 19,580 | 19,580 | 19,580 |
| Fuel Expense | 7,145 | 7,145 | 7,145 | 7,145 | 7,145 | 7,145 |
| Dollinger - Rent | 12,776 | 12,776 | 12,776 | 12,776 | 12,776 | 12,776 |
| Other Operating Costs (IT, Supplies, Trucks, Etc) | 13,409 | 13,409 | 13,409 | 13,409 | 13,409 | 13,409 |
| Legal Fees | 6,556 | 6,556 | 6,556 | 6,556 | 6,556 | 6,556 |
| Disbursing Agent | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| Miscellaneous | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| Net Income | $ 112,123 | $ 112,123 | $ 112,123 | $ 112,123 | $ 112,123 | $ 112,123 |
| Secured Creditor Payments | | | | | | |
| PIRS - Lender | | | | | | |
| Live Oak - Lender (a) | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 |
| West American Finance Corporation | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 |
| Priority Claims | | | | | | |
| Administrative Expenses | | | | | | |
| Chief Restructuring Officer | | | | | | |
| Debtor Counsel | | | | | | |
| Claims Agent | | | | | | |
| **Total Uses of Cash:** | $ 634,286 | $ 634,286 | $ 634,286 | $ 634,286 | $ 634,286 | $ 634,286 |
| **Net Cash Inflow (Outflow)** | 73,573 | 73,573 | 73,573 | 73,573 | 73,573 | 73,573 |
| **Less: Creditor Pool Estimated Monthly Payment** | (73,573) | (73,573) | (73,573) | (73,573) | (73,573) | (73,573) |
| **Operating Cash - End of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Creditor Pool - Beginning of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

]

# Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 1 | | | Post-Confirmation - Year 1 | | |
|---|---|---|---|---|---|---|
| | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 |
| Add: Estimated Monthly Payment | 73,573 | 73,573 | 73,573 | 73,573 | 73,573 | 73,573 |
| Monthly GUC Distribution | (73,573) | (73,573) | (73,573) | (73,573) | (73,573) | (73,573) |
| **Creditor Pool - End of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

***(a) Assumes that the Butler's personal residence will be sold through their Chapter 11 bankruptcy in or about October 2026 which should eliminate approximately half of Live Oak's secured debt.***

]

# Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 2 | | | Post-Confirmation - Year 2 | | |
|---|---|---|---|---|---|---|
| | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 |
| **Operating Cash - Beginning of Period** | **$ 500,000** | **$ 500,000** | **$ 500,000** | **$ 500,000** | **$ 500,000** | **$ 500,000** |
| **Sources of Cash:** | | | | | | |
| **Project Revenue** | 729,095 | 729,095 | 729,095 | 729,095 | 729,095 | 729,095 |
| **Total Sources of Cash** | **$ 729,095** | **$ 729,095** | **$ 729,095** | **$ 729,095** | **$ 729,095** | **$ 729,095** |
| **Uses of Cash:** | | | | | | |
| **Materials/Job Accts/Subs** | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 |
| **Operating Expenses** | | | | | | |
| **Payroll** | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 |
| **Travelers - Company Insurance** | 19,995 | 19,995 | 19,995 | 19,995 | 19,995 | 19,995 |
| **Kaiser - Employee Insurance** | 20,167 | 20,167 | 20,167 | 20,167 | 20,167 | 20,167 |
| **Fuel Expense** | 7,359 | 7,359 | 7,359 | 7,359 | 7,359 | 7,359 |
| **Dollinger - Rent** | 13,159 | 13,159 | 13,159 | 13,159 | 13,159 | 13,159 |
| **Other Operating Costs (IT, Supplies, Trucks, Etc)** | 13,811 | 13,811 | 13,811 | 13,811 | 13,811 | 13,811 |
| **Legal Fees** | 6,753 | 6,753 | 6,753 | 6,753 | 6,753 | 6,753 |
| **Disbursing Agent** | 1,030 | 1,030 | 1,030 | 1,030 | 1,030 | 1,030 |
| **Miscellaneous** | 5,150 | 5,150 | 5,150 | 5,150 | 5,150 | 5,150 |
| **Net Income** | **$ 115,487** | **$ 115,487** | **$ 115,487** | **$ 115,487** | **$ 115,487** | **$ 115,487** |
| **Secured Creditor Payments** | | | | | | |
| **PIRS - Lender** | | | | | | |
| **Live Oak - Lender (a)** | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 |
| **West American Finance Corporation** | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 |
| **Priority Claims** | | | | | | |
| **Administrative Expenses** | | | | | | |
| **Chief Restructuring Officer** | | | | | | |
| **Debtor Counsel** | | | | | | |
| **Claims Agent** | | | | | | |
| **Total Uses of Cash:** | **$ 652,158** | **$ 652,158** | **$ 652,158** | **$ 652,158** | **$ 652,158** | **$ 652,158** |
| **Net Cash Inflow (Outflow)** | **76,937** | **76,937** | **76,937** | **76,937** | **76,937** | **76,937** |
| **Less: Creditor Pool Estimated Monthly Payment** | **(76,937)** | **(76,937)** | **(76,937)** | **(76,937)** | **(76,937)** | **(76,937)** |
| **Operating Cash - End of Period** | **$ 500,000** | **$ 500,000** | **$ 500,000** | **$ 500,000** | **$ 500,000** | **$ 500,000** |
| **Creditor Pool - Beginning of Period** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** |

]

## Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 2 | | | Post-Confirmation - Year 2 | | |
|---|---|---|---|---|---|---|
| | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 |
| Add: Estimated Monthly Payment | 76,937 | 76,937 | 76,937 | 76,937 | 76,937 | 76,937 |
| Monthly GUC Distribution | (76,937) | (76,937) | (76,937) | (76,937) | (76,937) | (76,937) |
| **Creditor Pool - End of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

***(a) Assumes that the Butler's personal residence will be sold through their Chapter 11 bankruptcy in or about October 2026 which should eliminate approximately half of Live Oak's secured debt.***

]

# Pappas Piping Service, Inc.



## Post-Confirmation Projected Cash Flow

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 2 | | | Post-Confirmation - Year 2 | | |
|---|---|---|---|---|---|---|
| | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 |
| **Operating Cash - Beginning of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Sources of Cash:** | | | | | | |
| Project Revenue | 729,095 | 729,095 | 729,095 | 729,095 | 729,095 | 729,095 |
| **Total Sources of Cash** | $ 729,095 | $ 729,095 | $ 729,095 | $ 729,095 | $ 729,095 | $ 729,095 |
| **Uses of Cash:** | | | | | | |
| Materials/Job Accts/Subs | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 |
| Operating Expenses | | | | | | |
| Payroll | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 | 263,092 |
| Travelers - Company Insurance | 19,995 | 19,995 | 19,995 | 19,995 | 19,995 | 19,995 |
| Kaiser - Employee Insurance | 20,167 | 20,167 | 20,167 | 20,167 | 20,167 | 20,167 |
| Fuel Expense | 7,359 | 7,359 | 7,359 | 7,359 | 7,359 | 7,359 |
| Dollinger - Rent | 13,159 | 13,159 | 13,159 | 13,159 | 13,159 | 13,159 |
| Other Operating Costs (IT, Supplies, Trucks, Etc) | 13,811 | 13,811 | 13,811 | 13,811 | 13,811 | 13,811 |
| Legal Fees | 6,753 | 6,753 | 6,753 | 6,753 | 6,753 | 6,753 |
| Disbursing Agent | 1,030 | 1,030 | 1,030 | 1,030 | 1,030 | 1,030 |
| Miscellaneous | 5,150 | 5,150 | 5,150 | 5,150 | 5,150 | 5,150 |
| Net Income | $ 115,487 | $ 115,487 | $ 115,487 | $ 115,487 | $ 115,487 | $ 115,487 |
| Secured Creditor Payments | | | | | | |
| PIRS - Lender | | | | | | |
| Live Oak - Lender (a) | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 |
| West American Finance Corporation | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 |
| Priority Claims | | | | | | |
| Administrative Expenses | | | | | | |
| Chief Restructuring Officer | | | | | | |
| Debtor Counsel | | | | | | |
| Claims Agent | | | | | | |
| **Total Uses of Cash:** | $ 652,158 | $ 652,158 | $ 652,158 | $ 652,158 | $ 652,158 | $ 652,158 |
| **Net Cash Inflow (Outflow)** | 76,937 | 76,937 | 76,937 | 76,937 | 76,937 | 76,937 |
| **Less: Creditor Pool Estimated Monthly Payment** | (76,937) | (76,937) | (76,937) | (76,937) | (76,937) | (76,937) |
| **Operating Cash - End of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Creditor Pool - Beginning of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

]

**Pappas Piping Service, Inc.**



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 2 | | | Post-Confirmation - Year 2 | | |
|---|---|---|---|---|---|---|
| | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 |
| Add: Estimated Monthly Payment | 76,937 | 76,937 | 76,937 | 76,937 | 76,937 | 76,937 |
| Monthly GUC Distribution | (76,937) | (76,937) | (76,937) | (76,937) | (76,937) | (76,937) |
| **Creditor Pool - End of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

***(a) Assumes that the Butler's personal residence will be sold through their Chapter 11 bankruptcy in or about October 2026 which should eliminate approximately half of Live Oak's secured debt.***

]

## Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 3 | | | Post-Confirmation - Year 3 | | |
|---|---|---|---|---|---|---|
| | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 |
| **Operating Cash - Beginning of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Sources of Cash:** | | | | | | |
| Project Revenue | 750,967 | 750,967 | 750,967 | 750,967 | 750,967 | 750,967 |
| **Total Sources of Cash** | $ 750,967 | $ 750,967 | $ 750,967 | $ 750,967 | $ 750,967 | $ 750,967 |
| **Uses of Cash:** | | | | | | |
| Materials/Job Accts/Subs | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 |
| Operating Expenses | | | | | | |
| Payroll | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 |
| Travelers - Company Insurance | 20,595 | 20,595 | 20,595 | 20,595 | 20,595 | 20,595 |
| Kaiser - Employee Insurance | 20,772 | 20,772 | 20,772 | 20,772 | 20,772 | 20,772 |
| Fuel Expense | 7,580 | 7,580 | 7,580 | 7,580 | 7,580 | 7,580 |
| Dollinger - Rent | 13,554 | 13,554 | 13,554 | 13,554 | 13,554 | 13,554 |
| Other Operating Costs (IT, Supplies, Trucks, Etc) | 14,226 | 14,226 | 14,226 | 14,226 | 14,226 | 14,226 |
| Legal Fees | 6,956 | 6,956 | 6,956 | 6,956 | 6,956 | 6,956 |
| Disbursing Agent | 1,061 | 1,061 | 1,061 | 1,061 | 1,061 | 1,061 |
| Miscellaneous | 5,305 | 5,305 | 5,305 | 5,305 | 5,305 | 5,305 |
| Net Income | $ 118,951 | $ 118,951 | $ 118,951 | $ 118,951 | $ 118,951 | $ 118,951 |
| Secured Creditor Payments | | | | | | |
| PIRS - Lender | | | | | | |
| Live Oak - Lender (a) | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 |
| West American Finance Corporation | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 |
| Priority Claims | | | | | | |
| Administrative Expenses | | | | | | |
| Chief Restructuring Officer | | | | | | |
| Debtor Counsel | | | | | | |
| Claims Agent | | | | | | |
| **Total Uses of Cash:** | $ 670,566 | $ 670,566 | $ 670,566 | $ 670,566 | $ 670,566 | $ 670,566 |
| **Net Cash Inflow (Outflow)** | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 |
| **Less: Creditor Pool Estimated Monthly Payment** | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) |
| **Operating Cash - End of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Creditor Pool - Beginning of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

]

## Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 3 | | | Post-Confirmation - Year 3 | | |
|---|---|---|---|---|---|---|
| | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 |
| Add: Estimated Monthly Payment | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 |
| Monthly GUC Distribution | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) |
| **Creditor Pool - End of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

***(a) Assumes that the Butler's personal residence will be sold through their Chapter 11 bankruptcy in or about October 2026 which should eliminate approximately half of Live Oak's secured debt.***

]

# Pappas Piping Service, Inc.

6/10/2026

**Post-Confirmation Projected Cash Flow**



*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 3 | | | Post-Confirmation - Year 3 | | |
|---|---|---|---|---|---|---|
| | Month 31 | Month 32 | Month 33 | Month 34 | Month 35 | Month 36 |
| **Operating Cash - Beginning of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Sources of Cash:** | | | | | | |
| **Project Revenue** | 750,967 | 750,967 | 750,967 | 750,967 | 750,967 | 750,967 |
| **Total Sources of Cash** | $ 750,967 | $ 750,967 | $ 750,967 | $ 750,967 | $ 750,967 | $ 750,967 |
| **Uses of Cash:** | | | | | | |
| **Materials/Job Accts/Subs** | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 |
| **Operating Expenses** | | | | | | |
| **Payroll** | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 | 270,984 |
| **Travelers - Company Insurance** | 20,595 | 20,595 | 20,595 | 20,595 | 20,595 | 20,595 |
| **Kaiser - Employee Insurance** | 20,772 | 20,772 | 20,772 | 20,772 | 20,772 | 20,772 |
| **Fuel Expense** | 7,580 | 7,580 | 7,580 | 7,580 | 7,580 | 7,580 |
| **Dollinger - Rent** | 13,554 | 13,554 | 13,554 | 13,554 | 13,554 | 13,554 |
| **Other Operating Costs (IT, Supplies, Trucks, Etc)** | 14,226 | 14,226 | 14,226 | 14,226 | 14,226 | 14,226 |
| **Legal Fees** | 6,956 | 6,956 | 6,956 | 6,956 | 6,956 | 6,956 |
| **Disbursing Agent** | 1,061 | 1,061 | 1,061 | 1,061 | 1,061 | 1,061 |
| **Miscellaneous** | 5,305 | 5,305 | 5,305 | 5,305 | 5,305 | 5,305 |
| **Net Income** | $ 118,951 | $ 118,951 | $ 118,951 | $ 118,951 | $ 118,951 | $ 118,951 |
| **Secured Creditor Payments** | | | | | | |
| **PIRS - Lender** | | | | | | |
| **Live Oak - Lender (a)** | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 | 24,745 |
| **West American Finance Corporation** | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 | 13,805 |
| **Priority Claims** | | | | | | |
| **Administrative Expenses** | | | | | | |
| **Chief Restructuring Officer** | | | | | | |
| **Debtor Counsel** | | | | | | |
| **Claims Agent** | | | | | | |
| **Total Uses of Cash:** | $ 670,566 | $ 670,566 | $ 670,566 | $ 670,566 | $ 670,566 | $ 670,566 |
| **Net Cash Inflow (Outflow)** | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 |
| **Less: Creditor Pool Estimated Monthly Payment** | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) |
| **Operating Cash - End of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Creditor Pool - Beginning of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

]

# Pappas Piping Service, Inc.



## Post-Confirmation Projected Cash Flow

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Post-Confirmation - Year 3 | | | Post-Confirmation - Year 3 | | |
|---|---|---|---|---|---|---|
| | Month 31 | Month 32 | Month 33 | Month 34 | Month 35 | Month 36 |
| Add: Estimated Monthly Payment | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 | 80,401 |
| Monthly GUC Distribution | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) | (80,401) |
| **Creditor Pool - End of Period** | $ - | $ - | $ - | $ - | $ - | $ - |

***(a) Assumes that the Butler's personal residence will be sold through their Chapter 11 bankruptcy in or about October 2026 which should eliminate approximately half of Live Oak's secured debt.***

]

## Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Year 1 | Year 2 | Year 3 | Grand Total |
|---|---|---|---|---|
| **Operating Cash - Beginning of Period** | $ 750,000 | $ 500,000 | $ 500,000 | $ 750,000 |
| **Sources of Cash:** | | | | |
| **Project Revenue** | 8,494,306 | 8,749,135 | 9,011,609 | 26,255,050 |
| **Total Sources of Cash** | $ 8,494,306 | $ 8,749,135 | $ 9,011,609 | $ 26,255,050 |
| **Uses of Cash:** | | | | |
| **Materials/Job Accts/Subs** | 3,065,146 | 3,157,101 | 3,251,814 | 9,474,061 |
| **Operating Expenses** | | | | |
| **Payroll** | 3,065,146 | 3,157,101 | 3,251,814 | 9,474,061 |
| **Travelers - Company Insurance** | 232,953 | 239,941 | 247,140 | 720,034 |
| **Kaiser - Employee Insurance** | 234,956 | 242,005 | 249,265 | 726,226 |
| **Fuel Expense** | 85,737 | 88,309 | 90,958 | 265,004 |
| **Dollinger - Rent** | 153,306 | 157,905 | 162,642 | 473,854 |
| **Other Operating Costs (IT, Supplies, Trucks, Etc)** | 160,910 | 165,737 | 170,709 | 497,355 |
| **Legal Fees** | 78,677 | 81,037 | 83,468 | 243,183 |
| **Disbursing Agent** | 12,000 | 12,360 | 12,731 | 37,091 |
| **Miscellaneous** | 60,000 | 61,800 | 63,654 | 185,454 |
| **Net Income** | $ 1,345,475 | $ 1,385,839 | $ 1,427,414 | $ 4,158,727 |
| **Secured Creditor Payments** | | | | |
| **PIRS - Lender** | 109,091 | - | - | 109,091 |
| **Live Oak - Lender (a)** | 420,663 | 296,938 | 296,938 | 1,014,539 |
| **West American Finance Corporation** | 165,661 | 165,661 | 165,661 | 496,982 |
| **Priority Claims** | 3,553 | - | - | 3,553 |
| **Administrative Expenses** | | | | |
| **Chief Restructuring Officer** | 35,000 | - | - | 35,000 |
| **Debtor Counsel** | 100,000 | - | - | 100,000 |
| **Claims Agent** | 25,000 | - | - | 25,000 |
| **Total Uses of Cash:** | $ 8,007,798 | $ 7,825,895 | $ 8,046,794 | $ 23,880,488 |
| **Net Cash Inflow (Outflow)** | 486,507 | 923,240 | 964,815 | 2,374,562 |
| **Less: Creditor Pool Estimated Monthly Payment** | (736,507) | (923,240) | (964,815) | (2,624,562) |
| **Operating Cash - End of Period** | $ 500,000 | $ 500,000 | $ 500,000 | $ 500,000 |
| **Creditor Pool - Beginning of Period** | $ - | $ - | $ - | $ - |

]

# Pappas Piping Service, Inc.



**Post-Confirmation Projected Cash Flow**

*Note: amounts reflected herein are management's best estimates of future operations. Actual results may differ significantly from*

| | Year 1 | Year 2 | Year 3 | Grand Total |
|---|---|---|---|---|
| | | | | |
| | | | | |
| Add: Estimated Monthly Payment | 736,507 | 923,240 | 964,815 | 2,624,562 |
| Monthly GUC Distribution | (736,507) | (923,240) | (964,815) | (2,624,562) |
| **Creditor Pool - End of Period** | $ - | $ - | $ - | $ - |

***(a) Assumes that the Butler's personal residence will be sold through their Chapter 11 bankruptcy in or about October 2026 which should eliminate approximately half of Live Oak's secured debt.***

]

# Exhibit "3"

RECOVERY GROUP

November 4, 2025

William D Butler
Pappas Piping Service, Inc. dba Pappas Piping Service
1450 Koll Circle Ste 108
San Jose, CA 95112

# FIRST AMENDED SETTLEMENT AGREEMENT

RE: PIRS Capital, LLC
Balance: $295,346.00
Reference Number: [redacted]2638

Dear Mr. Butler,

This company is the servicing and collection agent for PIRS Capital, LLC ("PIRS Capital, LLC"). This letter will set out the terms by which our client will accept a settlement of your account.

Our client agrees that it will not pursue legal action on your account provided you pay as set forth in this letter. You agree to pay PIRS Capital, LLC the sum of $234,000.00. This amount will be paid with an initial payment in the amount of $20,000.00 paid to AMA Recovery Group via wire transfer on or before July 11th, 20225. Thereafter, you agree to pay the remaining settlement balance in accordance with the following payment schedule:

- August 10st - $4,000.00
- September 10th - $4,000.00
- October 10th - 6,000.00
- November 10th - $10,000
- December 10th - $10,000
- January 10th, 2026 through September 10th, 2026 - $18,181.81 Per Month each month
- October 10th, 2026 - Final payment of $34,545.43

Cash, cashier's checks, and money orders are accepted forms of payment and must be mailed to AMA Recovery Group, LLC at 3131 Eastside St., Suite 350, Houston, TX 77098. You may also pay by wire or direct deposit into our Wells Fargo client trust account. Instructions to pay in this manner are enclosed. In addition, AMA confirms that any payments received from any UCC demand shall be credited towards the settlement amount.

RECOVERY GROUP

The terms of the Merchant Agreement (the "Merchant Agreement") between Pirs Capital, LLC and Pappas Piping Service, Inc. dated on or about July 1st, 2024, the personal guaranty set forth therein, and any amendments thereto, are expressly reaffirmed and incorporated herein by this reference, and shall remain in full force and effect and continue to govern and control the relationship between the parties hereto except to the extent said agreements are inconsistent with, amended or superseded by this Settlement Agreement. To the extent of any inconsistency, this Settlement Agreement shall govern and control.

Once all payments are made as described in the paragraph above, PIRS Capital, LLC will close your account as settled and cease all collection efforts. However, if payments are not received on or before the due dates outlined above, Pirs Capital, LLC may, without further notice, pursue any and all rights it has under the Merchant Agreement and/or this Settlement Agreement, including but not limited to seeking to recover all amounts due under the Merchant Agreement, less a credit for any amounts paid pursuant to this Settlement Agreement.

Please sign below to confirm your agreement of the above terms and return to me. This offer expires if this letter is not signed and returned by November 6, 2025. If you have any questions concerning this matter, please contact Jacob Scott at (713) 352-0741 or jscott@amarecovery.com.

Regards,

By: Michael S. Kelleher, Esq.
Corporate Counsel

AGREED TO:

____________________ 11/5/2025

William D Butler Date
Individually and as authorized agent for
Pappas Piping Service, Inc. dba Pappas Piping Service

Encl.: *Direct Deposit and Wiring Instructions*

AMA | RECOVERY GROUP

## DIRECT DEPOSIT & WIRING INSTRUCTIONS

Wire payments or direct cash deposits may be made to the following trust account at Wells Fargo.

AMA RECOVERY GROUP LLC
Wells Fargo Bank

**Routing # [redacted] (Wire)**
**Routing # [redacted] (ACH)**
**Account # [redacted]**

***** Please write [redacted]2638 and the name of your business on *****
**the top of the deposit slip for identification purposes.**

**Zelle Transfers:** Send to AMA Recovery Group using the email info@amarecovery.com. You must include your reference number in the memo line for your payment to post to your account.

**Wire Transfers:** Use the above routing and account number to initiate a wire transfer to our Wells Fargo account. Please check with the originating bank regarding any fees applicable to this transaction. AMA Recovery Group is not responsible for fees assessed by other financial insitutions.

**Walk-in Direct Cash Deposit:** If you wish to save wiring fees from the originating bank, you can walk a cash deposit in to any Wells Fargo branch by providing the branch manager the above account number. This method ensures same-day payment.

***** Make sure to SEND CONFIRMATION OF YOUR PAYMENT to your *****
**account representative to verify the payment is posted to your account.**

# Exhibit "4"

| Claim Number | Creditor | Attn | Address | Amount | Type | Basis of Claims | Disputed | Contingent | Unliquidated | Claim Filed Y/N? | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Claims Register** | | | | | | | | | | | |
| 1 | Hitachi Global Air Power US LLC | | 4569 Las Positas Rd. Suite A Livermore, CA 94551 | 81,166.68 | Unsecured | Unsecured | | | | | |
| 2 | Puretec Industrial Water | | 3151 Sturgis Road Oxnard, CA 93031 | 50,813.98 | Unsecured | Unsecured | | | | | |
| 3 | Michael P. Pappas | | 3063 Salisbury Dr Santa Cruz, CA 95065 | 400,000.00 | Unsecured | Unsecured | | | | | |
| 4 | GreatAmerica Financial Services Corp | Peggy Upton | 625 First St. SE Cedar Rapids, IA 52401 | 12,496.90 | Unsecured | Unsecured | | | | | |
| 5 | Internal Revenue Service | | PO Box 7346 Philadelphia, PA 19101 | 1,000.00 | Priority | Priority | | | | | |
| 6 | Live Oak Banking Company | | 1741 Tiburon Dr. Wilmington, NC 28403 | 3,189,601.40 | Secured | Secured | | | | | |
| 7 | American Express National Bank | c/o Becket and Lee LLP | PO Box 3001 Malvern PA 19355 | 5,144.50 | Unsecured | Unsecured | | | | | |
| 8 | PG&E | c/o Bankruptcy | PO Box 8329 Stockton, CA 95208 | 696.59 | Unsecured | Unsecured | | | | | |
| 9 | Guillermo Silva | | 1610 Maiden Cane Way Los Banos, CA 93635 | 400,000.00 | Unsecured | Unsecured | | | | | |
| 10 | Able Plumbing Sewer & Drain | | 1020 Ruff Drive San Jose, CA 95110 | 7,368.00 | Unsecured | Unsecured | | | | | |
| 11 | American Contractors Indemnity Company | | 801 S. Figueroa St. Ste. 700 Los Angeles, CA 90017 | - | Unsecured | Unsecured | | | | | |
| 12 | West American Finance Corporation | | 26 North State Street Salt Lake City, UT 84103 | 1,485,000.00 | Unsecured | Unsecured | | | | | |
| 13 | Sheppard, Mullin, Richter & Hampton LLP | | 650 Town Cetner Drive, 10th Floor Costa Mesa, CA 92626 | 69,949.57 | Unsecured | Unsecured | | | | | |
| 14 | WEX | | 1 Hancock Street Portland, ME 04101 | 8,031.43 | Unsecured | Unsecured | | | | | |
| 15 | William Butler | | 730 Mora Dr. Los Altos, CA 94024 | 537,923.70 | Secured | Secured | | | | | |
| 16 | William Butler | | 730 Mora Dr. Los Altos, CA 94024 | 20,786.00 | Unsecured | Unsecured | | | | | |
| 17 | Franchise Tax Board | Bankruptcy Section, MS:A-340 | PO Box 2952 Sacramento, CA 95812 | 210.90 | Unsecured | Unsecured | | | | | |
| 17 | Franchise Tax Board | Bankruptcy Section, MS:A-340 | PO Box 2952 Sacramento, CA 95812 | 2,553.31 | Priority | Priority | | | | | |
| | | | **TOTAL** | **6,272,742.96** | | | | | | | |
| **Part 1 : Priority Unsecured Claims** | | | | | | | | | | | |
| 2.1 | Adhara A. Lopez | | 2651 Aida Ave San Jose, CA 95122 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.2 | Alexis J. Rincon Cortes | | 1430 S. Wolfe Rd Richmond, CA 94807 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.3 | Alfredo Lucio Fernandez | | 1555 Marburg Way Apt. 15C San Jose, CA 9513 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.4 | Andrea T. Carabello | | 2717 Keppler Ct. San Jose, CA 95148 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.5 | Andy R. Mendex-Mellado | | 5365 St. Mark Ave Newark, CA 94560 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.6 | CA Dept of Tax and Fee Admin | Account Info Group, MIC: 29 | PO Box 942789 Sacramento, CA 94279 | - | Unsecured | - | | | | No | |
| 2.7 | Carlos Suacedo-Chavez | | 2745 Ophelia Ave San Jose, CA 95122 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.8 | Cristobal Rodriguez | | 5300 Verner Ave Sacramento, CA 95841 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.9 | Daniel Suarez | | 982 Princess Ann Dr. San Jose, CA 95128 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.10 | Darelyn Youngker | | 59 Bella Flora Lane Patterson, CA 95363 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.11 | Eduardo Hernandez Gonzalez | | 1525 Marbury Way #3E San Jose, CA 95133 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.12 | Employment Development Dept | Bankruptcy Group MIC 92E | PO Box 826880 Sacramento, CA 94280 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.13 | Faustino T. Gonzalez | | 3323 Coachlight Dr San Jose, CA 9511 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.14 | Franchise Tax Board | Bankruptcy Section, MS:A-340 | PO Box 2952 Sacramento, CA 95812 | - | Unsecured | - | | | | **YES** | $2,764.21 |
| 2.15 | Gary L. Barnes | | 9104 Brea Way Roseville, CA 95747 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.16 | Hector Hugo Acosta Macias | | 1801 Bermuda Way San Jose, CA 95122 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.17 | Internal Revenue Service | | PO Box 7346 Philadelphia, PA 19101 | - | Unsecured | - | | | | **YES** | $1,000 |
| 2.18 | Isaac Martinex Perez | | 57 Berkshire Ave., Apt 4 Redwood City, CA 94063 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.19 | Jorge F. Cisneros | | 5290 Great oaks Drive San Jose, CA 9511 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.20 | Juan Guevara | | 450 Bell St. Palo Alto, CA 94303 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.21 | Julio C. Pena Alvarez | | 540 E Maude Ave., Apt 24 Sunnyvale, CA 94085 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.22 | Julio Cesar Herrera Martinez | | 620 E. Maude Ave., #205 Sunnyvale, CA 94085 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.23 | Kevin M. Kashishian | | 2460 Benton Street Santa Clara, CA 95051 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.24 | Leonard Rodriguez Lopez | | 5300 Verner Ave Sacramento, CA 95841 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.25 | Luis Suarez | | 3210 Pearl Ave., #526 San Jose, CA 95136 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.26 | Luke S. Sanchez | | 1899 MacDuee Way San Jose, CA 95121 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.27 | Maynor Rodriquez Valdez | | 540 E. Mandue Ave., Apt 18 Sunnyvale, CA 94085 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.28 | Michael P. Pappas | | 3063 Salisbury Dr Santa Cruz, CA 95065 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.29 | Miriana De Rosas Silva | | 2175 Aborn Rd., #119 San Jose, CA 95121 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.30 | Olises Rivera Vargas | | 4469 Hanalei Place San Jose, CA 95118 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.31 | Rigoberto Lopez Hernandez | | 26361 Regal Ave Hayward, CA 94544 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.32 | Robert Delgado | | 3161 Cadillac Dr., Apt 2 San Jose, CA 95117 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.33 | Santa Clara County Dept of Tax | | 110 W. Tasman Dr San Jose., CA 95134 | - | Unsecured | Notice purpose | | | | No | |
| 2.34 | Steven Kitzerow | | 2435 Azevedo Pkwy San Jose, CA 95125 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.35 | Vincente Quiej Cal | | 1748 Norando Dr., #2 Sunnyvale, CA 94087 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.36 | Vinicio Cruz | | 5365 Saint Mark Ave Newark, CA 94560 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.37 | Wilfred T. Goo | | 16 Lavonne Drive Campbell, CA 95008 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| 2.38 | William D. Butler | | 730 Mora Dr. Los Altos, CA 94024 | - | Unsecured | Current Employee - Notice purpose | | | | No | |
| | | | | | **TOTAL** | | | | | | **$3,764** |
| **Part 2: Nonpriority Unsecured Claims** | | | | | | | | | | | |
| 3.1 | A&B Concrete Pumping | | PO Box 981 San Jose, CA 95108 | - | Unsecured | Vendor - Notice purpose only | | | | No | |
| 3.2 | Able Septic Tank Service | | 1020 Ruff Drive San Jose, CA 95110 | - | Unsecured | Notice purpose only | | | | **YES** | 7,368.00 |
| 3.3 | Alamedo Co. Recorder's Office | | 1106 Madison St. Oakland, CA 94607 | 105.00 | Unsecured | Vendor | | | | No | |
| 3.4 | American Express | | 200 Vesey Street New York, NY 10285 | 5,000.00 | Unsecured | Credit Card | | | | **YES** | $5,144.50 |
| 3.5 | AT&T | | 208 S. Akard Street Dallas, TX 75202 | - | Unsecured | Utility | | | | No | |
| 3.6 | Azuga Inc | | PO Box 735291 Chicago, IL 60673 | - | Unsecured | Vendor - Notice purpose only | | | | No | |
| 3.7 | Bay Area Asphalt & Cement Work | | 545 Nipper Avenue San Jose, CA 95133 | - | Unsecured | Vendor - Notice purpose only | | | | No | |
| 3.8 | Bayshore Automotive | | 1394 N. Fourth St. San Jose, CA 95112 | - | Unsecured | Vendor - Notice purpose only | | | | No | |
| 3.9 | Bennett Marine Utility | | PO Box 11710 Burlingame, CA 94010 | - | Unsecured | Notice purpose only | | | | No | |
| 3.10 | Berlin Food & Lab Equip Co | c/o Mark Cottonaro | 43 S. Linden Ave South San Francisco., CA 94080 | - | Unsecured | Vendor - Notice purpose only | | | | No | |
| 3.11 | Bruce Tire, Inc. | c/o GB Auto Service | PO Box 280942 Dallas, Tx 75320 | - | Unsecured | Vendor - Notice purpose only | | | | No | |
| 3.12 | Burdick Painting | | 705 Nuttman Street Santa Clara, CA 95054 | - | Unsecured | Vendor - Notice purpose only | | | | No | |
| 3.13 | Business Telephone Exchange | | 929 Berryessa Rd., #10 San Jose, CA 95133 | 876.00 | Unsecured | Vendor | | | | No | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 3.14 | Capital One | | 1680 Capital One Dr. Mc Lean VA, 22102 | 180,000.00 | Unsecured | Credit Card | No | |
| 3.15 | Cintas | | 6800 Cintas Blvd. Mason, OH 45040 | - | Unsecured | Medical Supplies | No | |
| 3.16 | Cintas | | PO Box 631025 Cincinnati, OH 45263 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.17 | City & County of San Francisco | | PO Box 7425 San Francisco, CA 94120 | - | Unsecured | Vendor | No | |
| 3.18 | Colonia Life Insurance | | PO Box 903 Columbia, SC 29202 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.19 | County of San Mateo - Env Health | | 2000 Alameda de Las Pulgas St. 100 San Mateo, CA 94403 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.20 | Dahl's Equipment Rentals Inc | | 1110 N. Tenth St. San Jose, CA 95112 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.21 | De Lage Landen | | PO Box 825736 Philadelphi, PA 19182 | 782.24 | Unsecured | Vendor | No | |
| 3.22 | Digital Concrete Scanning Serv | | 2257 Harbor Bay Pkwy Alameda, CA 94502 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.23 | Earl's Pest Control | | 1040 Commercial Ave., Ste 101 San Jose, CA 95112 | - | Unsecured | Vendor | No | |
| 3.24 | Exxell Fire Systems | | 360 Grand Ave. #355 Oakland, CA 94610 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.25 | Faultline Marketing | | 1821 S. Bascom Ave., #301 Campbell, CA 95008 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.26 | FedEx | | PO Box 7221 Duarte, CA 91009 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.27 | Grainger | | 2261 Ringwood Ave San Jose, CA 95131 | 935.01 | Unsecured | Vendor | No | |
| 3.28 | Grant Phillips Law, PLLC | | 670 Long Beach Blvd Long Beach, NY 11561 | 27,000.00 | Unsecured | Legal | No | |
| 3.29 | Guillermo Silva | | 1610 Maiden Cane Way Los Banos, CA 93635 | 400,000.00 | Unsecured | Sale Agreement with Former Owner | **YES** | $0.00 |
| 3.30 | Harrington Industrial Plastics | | PO Box 676273 Dallas Tx, 75267 | - | Unsecured | Notice Purpose Only | No | |
| 3.31 | Haynie & Company | | 1785 West 2300 South 2nd Floor Salt Lake City, UT 84119 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.32 | HDS White Cap Const. Supply | | PO Box 4944 Orlando, FL 32802 | - | Unsecured | Notice Purpose Only | No | |
| 3.33 | Heffernan Insurance Brokers | | PO Box 4006 Walnut Creek, CA 94596 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.34 | Hilti, Inc. | | PO Box 70299 Philadelphia, PA 19176 | 240.93 | Unsecured | Vendor | No | |
| 3.35 | Hitachi Global Air Power US LLC | | 4659 Las Positas RD Suite A Livermore, CA 94551 | - | Unsecured | Notice Purpose Only | **YES** | $81,166.68 |
| 3.36 | Home Depot | Dept 32-2188824647 | PO Box 9001030 Louisville, KY 40290 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.37 | Kad Technical Services, Inc. | c/o Kenneth Demers | 5566 Tyler Place Fremont, CA 94538 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.38 | Kaiser Foundation Health Plan | | File 5915 Los Angles, CA 90074 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.39 | Lefevre Welding Inc | | 2511 Isabelle Ave San Mateo, CA 94403 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.40 | Linde Gas & Equipment, Inc | | Dept LA 21511 Pasadena, CA 91185 | - | Unsecured | Notice Purpose Only | No | |
| 3.41 | Michael P. Pappas | | 3063 Salisbury Dr Santa Cruz, CA 95065 | 400,000.00 | Unsecured | Sale Agreement | **YES** | $400,000 |
| 3.42 | Microsoft One | | Microsoft Way Redmond, WA 98052 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.43 | Milpitas Materials Co | | 1125 N. Milpitas Blvd Milpitas, CA 95035 | - | Unsecured | Notice Purpose Only | No | |
| 3.44 | MRC - Rabbit | | PO Box 843760 Los Angeles, CA 90084 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.45 | Oil Changers | | PO Box 847488 Los Angles, CA 90084 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.46 | On-Site Health & Safety | | PO Box 248947 Oklahoma City, OK 73124 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.47 | Pavion | | 4151 Lafayette Center Drive Suite 700 Chantilly, VA 20151 | - | Unsecured | Security System | No | |
| 3.48 | Pearl Capital | | Washington Blvd 22nd Fl Jersey City, NJ 07310 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.49 | PG&E | | 300 Lakeside Dr. Oakland, CA 94612 | - | Unsecured | Notice Purpose | **YES** | $696.59 |
| 3.50 | Pirtek SFO | | 1997 Burroughs Ave San Leandro, CA 94577 | 390.51 | Unsecured | Vendor | No | |
| 3.51 | Printos Studio | | 74 Race St. San Jose, CA 95126 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.52 | Puretec Industrial Water | | 3151 Sturgis Road Oxnard, CA 93031 | - | Unsecured | Notice Purpose | **YES** | $50,813.98 |
| 3.53 | Red Wing Bus. Advantage | | PO Box 844329 Dallas, TX 75284 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.54 | Republic Services | | 18500 N. Allied Way Phoenix, AZ 85054 | - | Unsecured | Trash Services | No | |
| 3.55 | Ryan Herco Products Corp | | PO Box 74007459 Chicago, IL 60674 | - | Unsecured | Notice Purpose | No | |
| 3.56 | Santa Clara Windustrial | | 1525 Walsh Ave Santa Clara, CA 95050 | - | Unsecured | Notice Purpose | No | |
| 3.57 | Sheppard Mullin Richter & Hampton | | PO Box 840728 Los Angeles, CA 90084 | 66,871.23 | Unsecured | Attorneys Fees | **YES** | $69,949.57 |
| 3.58 | Spectrum VOIP | | 7600 Windrose Ave St. 350 Plano, TX 75024 | - | Unsecured | Phone Services | No | |
| 3.59 | Steve Harmsen | | 26 N. State Street Salt Lake City, UT 84103 | 439,000.00 | Unsecured | Loans to Company | No | |
| 3.60 | Swagelok | | PO Box 51624 Los Angeles, CA 90051 | 2,090.38 | Unsecured | Vendor | No | |
| 3.61 | Sweeny Mason | | 983 University Ave., Ste. C104 Los Gatos, CA 95032 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.62 | SYS IT | | 303 Twin Dolphin Dr. Suite 600 Redwood City, CA 94065 | - | Unsecured | IT Dept | No | |
| 3.63 | Traveler's Claim | | 13607 Collections Center Chicago, IL 60693 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.64 | Travelers CL Remittance Center | | PO Box 660317 Dallas, TX 75266 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.65 | U Line | | 8800 Military Rd Reno, NV 89506 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.66 | U-Save Rockery | | 598 E. Gish Rd San Jose, CA 95112 | - | Unsecured | Notice Purpose | No | |
| 3.67 | Unified Cleaning Services | | 3000 Haas Drive Aptos, CA 95003 | 1,570.00 | Unsecured | Vendor | No | |
| 3.68 | United Concrete Cutting Inc | | 2127 Jamaica Way San Jose, CA 95122 | 31,757.00 | Unsecured | Vendor | No | |
| 3.69 | University Electric | | 1500 Martin Ave Santa Clara, CA 95050 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.70 | Verizon Wireless | | PO Box 660108 Dallas, TX 752266 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.71 | VRC | | 5384 Poplar Ave Suite 500 Memphis, TN 38119 | - | Unsecured | Shredding Services | No | |
| 3.72 | VRC Companies LLC | Vital Records Dept 5874 | PO Box 11407 Birmingham, AL 35246 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.73 | West America Finance | | 26 North State Street Salt Lake City, UT 84103 | 50,000.00 | Unsecured | Loans to Company | **YES** | $1,485,000.00 |
| 3.74 | Western States Fire Protection Co | Attn Brad Smith | 470 Division Street Campbell, CA 95008 | - | Unsecured | Vendor - Notice purpose only | No | |
| 3.75 | Wex Bank | | PO Box 6293 Carol Stream, IL 60197 | 6,502.02 | Unsecured | Vendor | **YES** | $8,031.43 |
| 3.76 | William Butler | | 730 Mora Dr. Los Altos, CA 94024 | 495,000.00 | Unsecured | Loans to Company | **YES** | 558,709.70 |
| 3.77 | WinSupply of Silicon Valley | | 2514 Channing Ave San Jose, CA 95131 | - | Unsecured | Vendor | No | |
| 3.78 | Wolfpack Insurance Services | | PO Box 156 Belmont, CA 94002 | - | Unsecured | Vendor - Notice purpose only | No | |
| | | | | | **TOTAL** | | | **$3,233,621.58** * |

| | |
|---|---|
| *** This does not include the following unsecured claims:** | |
| **Claim 4 - Great Americawn Financial Services** | **$12,496.00** |
| **Claim 11 - American Contractors Indemnity Co.** | **$0.00** |
| **TOTAL** | **$12,496.00** |

# Exhibit "5"

# Pappas Piping Service, Inc.

**Liquidation Analysis**

| | Estimated Market Value | Chapter 7 Liquidation | | Chapter 11 Plan |
|---|---|---|---|---|
| **<u>Sources of Cash</u>** | | | | |
| **Cash** | 750,000 | 750,000 | | |
| **Personal Property** | | | | |
| Accounts Receivable | 4,500,000 | 2,250,000 | a | |
| Prepaid Expenses | 35,000 | 17,500 | a | |
| Office Funiture, Fixtures & Equipment | 10,000 | 5,000 | a | |
| Machinery, Equipment & Vehicles | 50,000 | 25,000 | a | |
| **Estimated GUC Distributions from Excess Cash from Operations** | | | | (2,624,562) |
| **Liquidated Cash Available for Creditors** | | **3,047,500** | | **(2,624,562)** |
| **<u>Uses of Cash</u>** | | | | |
| **Chapter 7 Administrative Fees** | | | | |
| Bankruptcy Trustee | | (25,000) | | Not Applicable |
| Trustee Counsel | | (50,000) | | |
| Trustee Financial Advisor | | (15,000) | | |
| **Cash Available for Chapter 11 Administrative Fees** | | **2,957,500** | | |
| **Subchapter V Administrative Fees** | | | | |
| Chief Restructuring Officer | | 25,000 | | Included in Projections |
| Debtor Counsel | | 75,000 | | |
| Claims Agent | | 50,000 | | |
| **Cash Available for Secured Claims** | | **3,107,500** | | |
| **Secured Claims** | | 5,216,000 | | |
| **Cash Available for Unsecured Creditors** | | - | | **2,624,562** |
| **Priority Claims** | | **3,553** | | **Included in Projections** |
| **General Unsecured Claims** | | **2,541,665** | | **2,541,665** |
| **% Recovery for GUC** | | **0.0%** | | **103.3%** |

a) Amounts shown are based upon scheduled amounts, the validity of which cannot be independently verified. Assumes a 50% recovery under a Chapter 7 liquidation.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CONFIRMATION OF DEBTOR-IN-POSSESSION'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION; DECLARATIONS OF WILLIAM BUTLER AND JOSHUA TEEPLE IN SUPPORT; REQUEST FOR JUDICIAL NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 22, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **September 22, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 22, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
**PRESIDING JUDGE'S COPY**
HONORABLE MARK D. HOULE
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 6135 / COURTROOM 6C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2026 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| Date | Printed Name | Signature |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR DEBTOR: Aaron E. De Leest** adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR LIVE OAK BANKING COMPANY: Bernard J Kornberg** bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **US TRUSTEE: United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR: David Wood** dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

**UST**
UNITED STATES TRUSTEE (SA)
411 W FOURTH ST., SUITE 7160
SANTA ANA, CA 92701-4500

**DEBTOR**
PAPPAS PIPING SERVICE, INC.
23832 ROCKFIELD BLVD.
SUITE 245
LAKE FOREST, CA 92630-2884

**SECURED CREDITOR**
BLUE VINE CAPITAL
30 MONTGOMERY ST.
SUITE 1400
JERSEY CITY, NJ 07302-3857

**SECURED CREDITOR**
CT CORPORATION SYSTEMS
U240026990432
3300 N. BRAND BLVD, STE 700
ATTN: SPRS
GLENDALE, CA 91203

**SPECIAL NOTICE**
CT CORPORATION SYSTEMS
U240026990432
C/O WOLTERS KLUWER LIEN SOLUTIONS
PO BOX 29071
GLENDALE, CA 91209

**PER CA SOS 09-14-26**
**SECURED CREDITOR**
FERGUSON ENTERPRISES, INC., #686
ATTN: CORPORATE CREATIONS NETWORK INC., REGISTERED AGENT
7801 FOLSOM BLVD, STE 202
SACRAMENTO, CA 95826

**SECURED CREDITOR**
GREAT AMERICAN LEASING CORP
U107236837087
625 1ST ST, SE
CEDAR RAPIDS, IA 524012030

**SPECIAL NOTICE**
GREAT AMERICAN LEASING CORP
U107236837087
C/O CT CORPORATION SYSTEMS
3300 N. BRAND BLVD, STE 700
GLENDALE, CA 91203

**SECURED CREDITOR**
GREAT AMERICAN LEASING CORP
U087149114661
625 1ST ST, SE
CEDAR RAPIDS, IA 524012030

**SECURED CREDITOR / POC ADDRESS**
LIVE OAK BANKING COMPANY
C/O WILLIAM B. SCHILLER, ASSOCIATE GENERAL COUNSEL
1741 TIBURON DR.
WILMINGTON, NC 28403-6244

**SECURED CREDITOR**
LIVE OAK BANKING COMPANY
C/O THE COLLIE FIRM, PLLC
3957 GASPAR DRIVE
DALLAS, TX 75220

**SECURED CREDITOR**
LIVE OAK BANKING COMPANY
C/O MILLER NASH LLP
ATTN: BERNARD KORNBERG
340 GOLDEN SHORE, STE 450
LONG BEACH, CA 90802

**SECURED CREDITOR**
PACE SUPPLY CORP.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
P.O. BOX 744915
LOS ANGELES, CA 90074-4915

**SPECIAL NOTICE**
PIRS/AMA RECOVERY
C/O PIRS CAPITAL LLC
1688 MERIDIAN AVE., STE. 700
MIAMI BEACH, FL 33139-2713

**SECURED CREDITOR**
PIRS/AMA RECOVERY
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
3131 EASTSIDE ST., #435
HOUSTON, TX 77098-1947

**SPECIAL NOTICE**
PIRS/AMA RECOVERY
AMA RECOVERY GROUP, LLC
3131 EASTSIDE ST., #435
HOUSTON, TX 77098-1947

**SECURED CREDITOR**
SUNSTATE EQUIPMENT RENTALS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
P.O. BOX 208439
DALLAS, TX 75320-8439

**TOP 20 UNSECURED CREDITOR**
ALAMEDO CO. RECORDER'S OFFICE
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1106 MADISON ST.
OAKLAND, CA 94607-4901

**TOP 20 UNSECURED CREDITOR**
AMERICAN EXPRESS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
200 VESEY STREET
NEW YORK, NY 10285-0002

**TOP 20 UNSECURED CREDITOR**
AMERICAN EXPRESS
C/ O BECKET AND LEE LLP
GREGORY P. DEEGAN, CLAIMS ADMINISTRATOR
PO BOX 3001
MALVERN, PA 19355-0701

**UTILITY CREDITOR / TOP 20 UNSECURED CREDITOR**
AT&T
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
208 S. AKARD STREET
DALLAS, TX 75202-4206

**TOP 20 UNSECURED CREDITOR**
BUSINESS TELEPHONE EXCHANGE
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
929 BERRYESSA RD., #10
SAN JOSE, CA 95133-1084

**TOP 20 UNSECURED CREDITOR**
CAPITAL ONE
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1680 CAPITAL ONE DR.
MC LEAN, VA 22102-3407

**TOP 20 UNSECURED CREDITOR**
CINTAS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
6800 CINTAS BLVD.
MASON, OH 45040-9151

**TOP 20 UNSECURED CREDITOR**
CITY & COUNTY OF SAN FRANCISCO
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
P.O. BOX 7425
SAN FRANCISCO, CA 94120-7425

**TOP 20 UNSECURED CREDITOR**
EARL'S PEST CONTROL
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1040 COMMERCIAL AVE., STE 101
SAN JOSE, CA 95112-1418

**TOP 20 UNSECURED CREDITOR**
GRAINGER
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
2261 RINGWOOD AVE.
SAN JOSE, CA 95131-1792

**TOP 20 UNSECURED CREDITOR**
GUILLERMO SILVA JR
1610 MAIDEN CANE WAY
LOS BANOS, CA 93635-8546

**TOP 20 UNSECURED CREDITOR**
HDS WHITE CAP CONST. SUPPLY
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
P.O. BOX 4944
ORLANDO, FL 32802-4944

**TOP 20 UNSECURED CREDITOR**
HILTI, INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
P.O. BOX 70299
PHILADELPHIA, PA 19176-0299

**TOP 20 UNSECURED CREDITOR / POC ADDRESS**
HITACHI GLOBAL AIR POWER US LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
4659 LAS POSITAS RD.
SUITE A
LIVERMORE, CA 94551-9663

**TOP 20 UNSECURED CREDITOR / POC ADDRESS**
HITACHI GLOBAL AIR POWER US LLC
C/O CITYBANK N.A.
LOCKBOX 5138
PO BOX 660367
DALLAS, TX 75266-0367

**TOP 20 UNSECURED CREDITOR / POC ADDRESS**
HITACHI GLOBAL AIR POWER US LLC
C/O NEAL SVALSTAD, CORPORATE COUNSEL
1 SULLAIR WAY
MICHIGAN CITY, IN 46360
LIVERMORE, CA 94551-9663

**TOP 20 UNSECURED CREDITOR**
PIRTEK SFO
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1997 BURROUGHS AVE.
SAN LEANDRO, CA 94577-5609

**TOP 20 UNSECURED CREDITOR / POC ADDRESS**
PURETEC INDUSTRIAL WATER
C/O VERONICA ORTEGA, AR SUPERVISOR
3151 STURGIS ROAD
OXNARD, CA 93030-8931

**TOP 20 UNSECURED CREDITOR**
SHEPPARD MULLIN RICHTER & HAMPTON
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
P.O. BOX 840728
LOS ANGELES, CA 90084-0728

**TOP 20 UNSECURED CREDITOR / POC ADDRESS**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
C/O ALAN MARTIN, PARTNER
650 TOWN CENTER DRIVE, 10TH FLOOR
COSTA MESA, CA 92626

**TOP 20 UNSECURED CREDITOR**
STEVE HARMSEN
26 N. STATE STREET
SALT LAKE CITY, UT 84103-2059

**TOP 20 UNSECURED CREDITOR / POC ADDRESS**
WEST AMERICAN FINANCE CORPORATION
C/O STEPHEN HARMSEN
26 NORTH STATE STREET
SALT LAKE CITY, UT 84103-2059

**INTERESTED PARTY**
ANNE BUTLER
730 MORA DR.
LOS ALTOS, CA 94024-6616

**INTERESTED PARTY**
BBSI (BARRET BUSINESS SERVICES, INC.)
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
2560 N FIRST ST, #180
SAN JOSE, CA 95131

**UTILITY CREDITOR**
PG&E
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
300 LAKESIDE DR.
OAKLAND, CA 94612-3655

**UTILITY CREDITOR / POC ADDRESS**
PG&E
C/O BANKRUPTCY
JESSICA WOODWARD, BANKRUPTCY REP
PO BOX 8329
STOCKTON, CA 95208

**UTILITY CREDITOR**
REPUBLIC SERVICES
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
18500 N. ALLIED WAY
PHOENIX, AZ 85054-3101

**UTILITY CREDITOR**
SPECTRUM VOIP
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
7600 WINDROSE AVE
STE. 350
PLANO, TX 75024-0169

**INTERESTED PARTY / PRIORITY CREDITOR**
WILLIAM D. BUTLER
730 MORA DR.
LOS ALTOS, CA 94024-6616

**PRIORITY CREDITOR**
ADHARA A. LOPEZ
2651 AIDA AVE
SAN JOSE, CA 95122-1302

**PRIORITY CREDITOR**
ALFREDO LUCIO FERNANDEZ
1555 MARBURG WAY, APT.15C
SAN JOSE, CA 95133-1674

**PRIORITY CREDITOR**
ANDREA T. CARABELLO
2717 KEPPLER CT.
SAN JOSE, CA 95148-3411

**PRIORITY CREDITOR**
ANDY R. MENDEZ-MELLADO
5365 ST. MARK AVE
NEWARK, CA 94560-3218

**PRIORITY CREDITOR**
CALIFORNIA DEPT. OF TAX & FEE ADMIN
ACCOUNT INFO GROUP, MIC: 29
P.O. BOX 942789
SACRAMENTO, CA 94279-0029

**PRIORITY CREDITOR**
CARLOS SUACEDO-CHAVEZ
2745 OPHELIA AVE.
SAN JOSE, CA 95122-1318

**PRIORITY CREDITOR**
CRISTOBAL RODRIGUEZ
5300 VERNER AVE.
SACRAMENTO, CA 95841-2143

**PRIORITY CREDITOR**
DANIEL SUAREZ
982 PRINCESS ANNE DR.
SAN JOSE, CA 95128-3630

**PRIORITY CREDITOR**
EDUARDO HERNANDEZ GONZALEZ
1525 MARBURY WAY, #3E
SAN JOSE, CA 95133-1625

**TAX / PRIORITY CREDITOR**
EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**PRIORITY CREDITOR**
FAUSTINO T. GONZALEZ
3323 COACHLIGHT DR.
SAN JOSE, CA 95111-1308

**TAX / PRIORITY CREDITOR / POC ADDRESS**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**PRIORITY CREDITOR**
GARY L. BARNES
9104 BREA WAY
ROSEVILLE, CA 95747-7398

**PRIORITY CREDITOR**
HECTOR HUGO ACOSTA MACIAS
1801 BERMUDA WAY
SAN JOSE, CA 95122-1704

**TAX / PRIORITY CREDITOR / POC ADDRESS**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**TAX / PRIORITY CREDITOR / POC ADDRESS**
INTERNAL REVENUE SERVICE
C/O DARIA BROWN, BANKRUPTCY SPECIALIST
1301 CLAY ST, M/S 1400S
OAKLAND, CA 94612

**PRIORITY CREDITOR**
ISAAC MARTINEZ PEREZ
57 BERKSHIRE AVE., APT 4
REDWOOD CITY, CA 94063-3634

**PRIORITY CREDITOR**
JORGE F. CISNEROS
5290 GREAT OAKS DRIVE
SAN JOSE, CA 95111-2819

**PRIORITY CREDITOR**
JUAN GUEVARA
450 BELL ST.
PALO ALTO, CA 94303-1509

**PRIORITY CREDITOR**
JULIO CESAR HERRERA MARTINEZ
620 E. MAUDE AVE., #205
SUNNYVALE, CA 94085-3952

**PRIORITY CREDITOR**
KEVIN M. KASHISHIAN
2460 BENTON STREET
SANTA CLARA, CA 95051-3940

**PRIORITY CREDITOR**
LEONARDO RODRIGUEZ LOPEZ
5300 VERNER AVE
SACRAMENTO, CA 95841-2143

**PRIORITY CREDITOR**
LUIS SUAREZ
2000 OSCAR CT
GILROY, CA 95020-9028

**PRIORITY CREDITOR**
LUKE S. SANCHEZ
1899 MACDUEE WAY
SAN JOSE, CA 95121-1532

**PRIORITY CREDITOR / POC ADDRESS**
MICHAEL P. PAPPAS
3063 SALISBURY DR
SANTA CRUZ, CA 95065-1510

**PRIORITY CREDITOR**
MIRIANA DE ROSAS SILVA
2175 ABORN RD., #119
SAN JOSE, CA 95121-1566

**PRIORITY CREDITOR**
MIRIANA DE ROSAS SILVA
1155 SHORTRIDGE AVE, APT 8
SAN JOSE, CA 95116-2361

**PRIORITY CREDITOR**
RIGOBERTO LOPEZ HERNANDEZ
26361 REGAL AVE.
HAYWARD, CA 94544-3105

**PRIORITY CREDITOR**
ROBERT DELGADO
3161 CADILLAC DR., APT. 2
SAN JOSE, CA 95117-4010

**PRIORITY CREDITOR**
SANTA CLARA COUNTY DEPT. OF TAX
110 W. TASMAN DR.
SAN JOSE, CA 95134-1700

**PRIORITY CREDITOR**
STEVEN KITZEROW
2435 AZEVEDO PKWY
SAN JOSE, CA 95125-6653

**PRIORITY CREDITOR**
VINCENTE QUIEJ CAL
1748 NORANDO DR., #2
SUNNYVALE, CA 94087-5330

**PRIORITY CREDITOR**
VINICIO CRUZ
5365 SAINT MARK AVE
NEWARK, CA 94560-3218

**PRIORITY CREDITOR**
WILFRED T. GOO
16 LAVONNE DRIVE
CAMPBELL, CA 95008-1761

**CREDITOR / POC ADDRESS**
AMERICAN CONTRACTORS INDEMNITY COMPANY
SUZANNE BACIOCCO, VICE PRESIDENT, SUBROGATION MANAGER
801 S. FIGUEROA ST., STE 700
LOS ANGELES, CA 90017

**CREDITOR / POC ADDRESS**
GREATAMERICA FINANCIAL SERVICES CORPORATION
ATTN: PEGGY UPTON
625 FIRST ST. SE
CEDAR RAPIDS, IA 52401

**CREDITOR / POC ADDRESS**
GREATAMERICA FINANCIAL SERVICES CORPORATION
ATTN: DUSTIN PETERSEN, LITIGATION SPECIALIST
625 FIRST ST. SE
CEDAR RAPIDS, IA 52401

**CREDITOR**
A&B CONCRETE PUMPING INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 981
SAN JOSE, CA 95108

**CREDITOR / POC ADDRESS**
ABLE PLUMBING SEWER & DRAIN
BRANDON GILBERT, OWNER
1020 RUFF DRIVE
SAN JOSE, CA 95110

**CREDITOR**
AZUGA INC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 735291
CHICAGO, IL 60673-5291

**CREDITOR**
BAY AREA ASPHALT & CEMENT WORKS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
545 NIPPER AVENUE
SAN JOSE, CA 95133

**CREDITOR**
BAYSHORE AUTOMOTIVE
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1394 N. FOURTH ST.
SAN JOSE, CA 95112

**CREDITOR**
BENNETT MARINE UTILITY
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 117100
BURLINGAME, CA 94010

**CREDITOR**
BERLIN FOOD & LAB EQUIP. CO.
C/O MARK COTTONARO
43 S. LINDEN AVE.
SOUTH SAN FRANCISCO, CA 94080

**CREDITOR**
BRUCE TIRE, INC.
C/O GB AUTO SERVICE
PO BOX 280942
DALLAS, TX 75320-8942

**CREDITOR**
BURDICK PAINTING
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
705 NUTTMAN STREET
SANTA CLARA, CA 95054

**CREDITOR**
CINTAS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 631025
CINCINNATI, OH 45263-1025

**CREDITOR**
COLONIAL LIFE INSURANCE
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 903
COLUMBIA, SC 29202

**CREDITOR**
COUNTY OF SAN MATEO - ENV HEALTH
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
2000 ALAMDEA DE LAS PULGAS ST, STE 100
SAN MATEO, CA 94403

**CREDITOR**
DAHL'S EQUIPMENT RENTALS INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1110 N. TENTH ST.
SAN JOSE, CA 95112-4409

**CREDITOR**
DE LAGE LANDEN
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 825736
PHILADELPHIA, PA 19182-5736

**CREDITOR**
DIGITAL CONCRETE SCANNING SERV
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
2257 HARBOR BAY PKWY
ALAMEDA, CA 94502

**CREDITOR**
EXXELL FIRE SYSTEMS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
360 GRAND AVE., #355
OAKLAND, CA 94610

**PER CA SOS 02-12-26 (SUSPENDED)**
**CREDITOR**
FAULTLINE MARKETING
C/O ROBIN L. CAIRNS
2466 ST. LAWRENCE DRIVE
SAN JOSE, CA 95124

**PER CA SOS 02-04-26**
**CREDITOR**
FEDEX
C/O C T CORPORATION SYSTEM, REGISTERED AGENT
330 N BRAND BLVD., SUITE 700
GLENDALE, CA 91203

**CREDITOR**
GRANT PHILLIPS LAW, PLLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
670 LONG BEACH BLVD.
LONG BEACH, NY 11561

**CREDITOR**
HARRINGTON INDUSTRIAL PLASTICS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 676273
DALLAS, TX 75267-6273

**CREDITOR**
HAYNIE & COMPANY
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1785 WEST 2300 SOUTH 2ND FLOOR
SALT LAKE CITY, UT 84119

**CREDITOR**
HEFFERNAN INSURANCE BROKERS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 4006
WALNUT CREEK, CA 94596

**CREDITOR**
HOME DEPOT
C/O CSC LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS, SUITE
150N
SACRAMENTO, CA 95833

**CREDITOR**
KAD TECHNICAL SERVICES, INC.
C/O KENNETH DEMERS
5566 TYLER PLACE
FREMONT, CA 94538

**CREDITOR**
KAISER FOUNDATION HEALTH
PLAN
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
FILE 5915
LOS ANGELES, CA 90074-5915

**CREDITOR**
LEFEVRE WELDING INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
2511 ISABELLE AVE
SAN MATEO, CA 94403

**CREDITOR**
LIND GAS & EQUIPMENT, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
DEPT LA 21511
PASADENA, CA 91185-1511

**CREDITOR**
MCR - RABBIT
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
PO BOX 843760
LOS ANGELES, CA 90084

**CREDITOR**
MICROSOFT ONE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
MICROSOFT WAY
REDMOND, WA 98052

**CREDITOR**
MILPITAS MATERIALS CO
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
1125 N. MILPITAS BLVD.
MILPITAS, CA 95035

**CREDITOR**
OIL CHANGERS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
PO BOX 847488
LOS ANGELES, CA 90084-7488

**CREDITOR**
ON-SITE HEALTH & SAFETY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
PO BOX 248947
OKLAHOMA CITY, OK 73124-8947

**CREDITOR**
PAVION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
4151 LAFAYETTE CENTER DRIVE
SUITE 700
CHANTILLY, VA 20151-1230

**CREDITOR**
PEARL CAPITAL
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
525 WASHINGTON BLVD., 22ND FL
JERSEY CITY, NJ 07310

**CREDITOR**
PRINTOS STUDIO
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
74 RACE ST.
SAN JOSE, CA 95126

**CREDITOR**
RED WING BUS. ADVANTAGE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
PO BOX 844329
DALLAS, TX 75284-4329

**CREDITOR**
RYAN HERCO PRODUCTS CORP.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
PO BOX 74007459
CHICAGO, IL 60674-7459

**CREDITOR**
SANTA CLARA WINDUSTRIAL
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1525 WALSH AVE.
SANTA CLARA, CA 95050

**CREDITOR**
SECURITIES & EXCHANGE COMMISSION
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
444 SOUTH FLOWER ST., SUITE 900
LOS ANGELES, CA 90071-2934

**CREDITOR**
SWAGELOK
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 51624
LOS ANGELES, CA 90051-7801

**CREDITOR**
SWEENEY MASON
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
983 UNIVERSITY AVE., STE C104
LOS GATOS, CA 95032-7637

**CREDITOR**
SYS IT
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
303 TWIN DOLPHIN DR.
SUITE 600
REDWOOD CITY, CA 94065-1422

**CREDITOR**
TRAVELERS CL REMITTANCE CENTER
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 660317
DALLAS, TX 75266-0317

**CREDITOR**
TRAVELER'S CLAIMS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
13607 COLLECTIONS CENTER
CHICAGO, IL 60693

**CREDITOR**
U LINE
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
8800 MILITARY RD.
RENO, NV 89506

**CREDITOR**
UNIFIED CLEANING
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
3000 HAAS DRIVE
APTOS, CA 95003-3213

**CREDITOR**
UNITED CONCRETE CUTTING INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
2127 JAMAICA WAY
SAN JOSE, CA 95122-1738

**CREDITOR**
UNIVERSITY ELECTRIC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1500 MARTIN AVE.
SANTA CLARA, CA 95050-2633

**CREDITOR**
U-SAVE ROCKERY
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
598 E. GISH RD.
SAN JOSE, CA 95112-2706

**CREDITOR**
VERIZON WIRELESS
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
PO BOX 660108
DALLAS, TX 75266-0108

**CREDITOR**
VRC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
5384 POPLAR AVE.
SUITE 500
MEMPHIS, TN 38119-3658

**CREDITOR**
VRC COMPANIES LLC
VITAL RECORDS DEPT. 5874
PO BOX 11407
BIRMINGHAM, AL 35246

**CREDITOR**
WESTERN STATES FIRE
PROTECTION CO.
ATTN: BRAD SMITH
470 DIVISION STREET
CAMPBELL, CA 95008

**CREDITOR / POC ADDRESS**
WEX
C/O LYNN ALEXANDER, SVP, GLOBAL
RISK OPERATIONS
1 HANCOCK STREET
PORTLAND, ME 04101

**CREDITOR / POC ADDRESS**
WEX BANK
ATTN: LEGAL/BANKRUPTCY
PO BOX 6293
CAROL STREAM, IL 60797-6293

**CREDITOR**
WINSUPPLY OF SILICON VALLEY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
2514 CHANNING AVE.
SAN JOSE, CA 95131-1004

**CREDITOR**
WOLFPACK INSURANCE SERVICES
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
PO BOX 156
BELMONT, CA 94002

**EXECUTORY CONTRACT**
AZUGA
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
42840 CHRISTY STREET
SUITE 205
FREMONT, CA 94538-3154

**EXECUTORY CONTRACT**
DOLLINGER PROPERTIES, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
555 TWIN DOLPHIN DR.
STE 600
REDWOOD CITY, CA 94065-2130

**EXECUTORY CONTRACT**
SHAMROCK
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
2000 CROW CANYON PL., #170
SAN RAMON, CA 94583-1383

**EXECUTORY CONTRACT**
US BANK EQUIPMENT
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
P.O. BOX 790448
SAINT LOUIS, MO 63179-0448

**RTS 09-01-26 UTF**
**SECURED CREDITOR**
~~FERGUSON ENTERPRISES, INC., #686~~
~~P.O. BOX 740827~~
~~LOS ANGELES, CA 90074-0827~~

**RTS 01-21-26 UTF**
**PRIORITY CREDITOR**
~~ALEXIS J. RINCON CORTES~~
~~1430 S. WOLFE RD~~
~~RICHMOND, CA 94807~~

**RTS 09-14-26 UTF**
**PRIORITY CREDITOR**
~~DARELYN YOUNGKER~~
~~59 BELLA FLORA LANE~~
~~PATTERSON, CA 95363-8333~~

**RTD 02-11-26 UTF**
**CREDITOR**
~~FAULTLINE MARKETING~~
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS~~
~~1821 S. BASCOM AVE., #301~~
~~CAMPBELL, CA 95008~~

**RTS 02-03-26 UTF**
**CREDITOR**
~~FEDEX~~
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS~~
~~PO BOX 7221~~
~~DUARTE, CA 91009-7321~~

**RTS 02-17-26 UTF**
**CREDITOR**
~~HOME DEPOT~~
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS~~
~~DEP 32 - 2188824647~~
~~PO BOX 9001030~~
~~LOUSIVILLE, KY 40290-1030~~

**RTS 09-04-26 UTF**
**PRIORITY CREDITOR**
~~JULIO C. PENA ALVAREZ~~
~~540 E MAUDE AVE., APT. 24~~
~~SUNNYVALE, CA 94085-4463~~

**RTS 09-14-26 UTF**
**PRIORITY CREDITOR**
~~LUIS SUAREZ~~
~~3210 PEARL AVE., #526~~
~~SAN JOSE, CA 95136-1140~~

**RTS 09-14-26 UTF**
**PRIORITY CREDITOR**
~~MAYNOR RODRIGUEZ VALDEZ~~
~~540 E. MANDUE AVE., APT. 18~~
~~SUNNYVALE, CA 94085~~

**RTS 09-14-26 UTF**
**PRIORITY CREDITOR**
~~OLISES RIVERA VARGAS~~
~~4469 HANALEI PLACE~~
~~SAN JOSE, CA 95118-1938~~